# UNITED STATES DISTRICT COURT
## District of Minnesota

FILED LODGED RECEIVED MAIL

JAN 03 2002

AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY

***RESPOND TO:***

( ) THIRD DIVISION 708 Federal Bldg., 316 N Robert St., St Paul, MN 55101 Phone (651)-848-1100
( X ) FOURTH: 202 U S. Courthouse, 300 S 4th St., Mpls , MN 55415 Phone (612) 664-5000
( ) FIFTH AND SIXTH DIVISION: 417 Federal Bldg , 515 W 1st St., Duluth, MN 55802 Phone (218)-529-3500

| | |
|---|---|
| **DATE:** December 26, 2001 | **MN CIVIL FILE NUMBER:** 01-1868JRT/FLN<br>WAW FILE NUMBER: C01-2093 |
| **CASE TITLE:** Medina -VS- Bayer Corp. | |
| | The above entitled action was: ( ) removed from county court OR ( ) transferred from another district, filed in the ( ) St. Paul-3rd Division ( ) Minneapolis-4th Division ( ) Duluth-5th Division ( ) Fergus Falls-6th Division on December 4, 2001, assigned to Judge______________ and Magistrate Judge ____________________. Please direct future filings to the office indicated. |
| | The above entitled action was filed in this court on __________ , assigned to Judge____________ and referred to U. S. Magistrate Judge ___________ . The file will be maintained at the Clerk's Office in ( ) St. Paul, ( ) Minneapolis or ( ) Duluth. Please note this information for future reference.<br>cc to: |
| | **LR79.1(d) and/or LR 37.2 DISCOVERY MOTIONS:** Discovery documents are returned pursuant to Local Rule. |
| | A certified copy of the Order of Remand is enclosed. |
| XXXXX | The above entitled action is being transferred to your court pursuant to Order of the Judicial Panel on Multidistrict Litigation filed December 12, 2001 A certified copy of the conditional transfer order and docket entries are included, along with the original court file. Please acknowledge receipt of this file by returning a date-stamped copy of this notice. |
| | A Bill of Costs is to be submitted on a form as provided by the court. Form AO 133 and instructions for completion are attached. |
| | Your original documents are returned. Copies of state court documents were submitted when the action was removed to this court |
| | OTHER: |

Deputy Clerk Denise

From the
Phone No

CV 01-2093 #8

8

U.S. District Court
U.S. District Court -- Western Washington (Seattle)

CIVIL DOCKET FOR CASE #: 01-CV-2093

Medina v. Bayer Corporation, et al Filed: 01/03/02
Assigned to: Judge Barbara J. Rothstein
Demand: $0,000
Lead Docket: None
Dkt # in Dist of MN : is 01-cv-1868

Jury demand: Both
Nature of Suit: 365
Jurisdiction: Diversity

Cause: 28:1332 Diversity-Product Liability

| | |
|---|---|
| PATRICIA ANN MEDINA, Trustee on behalf of heirs of Victoria Trujillo, Decedent<br>plaintiff | Ronald Sidney Goldser<br>[COR LD NTC]<br>Timothy J Becker<br>[COR LD NTC]<br>ZIMMERMAN REED<br>651 NICOLLET MALL<br>STE 501<br>MINNEAPOLIS, MN 55402<br>612-341-0400 |
| v. | |
| BAYER CORPORATION<br>defendant | Ronn B Kreps<br>[COR LD NTC]<br>FULBRIGHT & JAWORSKY<br>225 6TH ST S<br>STE 4850<br>MINNEAPOLIS, MN 55402<br>612-399-1828<br><br>Terry O Tottenham<br>[COR LD NTC]<br>Lana K Varney<br>[COR LD NTC]<br>Nicholas Andrew James Vlietstra<br>[COR LD NTC]<br>FULBRIGHT & JAWORSKI<br>225 6TH ST S<br>STE 4850<br>MINNEAPOLIS, MN 55402<br>612-399-1828 |
| BAYER PHARMACEUTICAL DIVISION<br>defendant | Ronn B Kreps<br>(See above)<br>[COR LD NTC]<br><br>Terry O Tottenham |

(See above)
[COR LD NTC]
Lana K Varney
(See above)
[COR LD NTC]
Nicholas Andrew James Vlietstra
(See above)
[COR LD NTC]

Proceedings include all events.
2:01cv2093 Medina v. Bayer Corporation, et al

| | | |
|---|---|---|
| 1/3/02 | 8 | TRANSMITTAL OF DOCUMENTS from District of Minnesota as to MDL Order (CTO-5) dated 12/12/01 re: MDL 1407 (PPA). District of Minnesota civil case number is 01-cv-1868. (md) [Entry date 01/07/02] [Edit date 01/07/02] |

TRMNTC MDL
TRANSF

U.S. District Court
District of Minnesota

CIVIL DOCKET FOR CASE #: 01-CV-1868

Medina v. Bayer Corporation, et al — Filed: 10/11/01
Assigned to: Judge John R Tunheim — Jury demand: Both
Referred to: Magistrate Judge Franklin L Noel
Demand: $0,000 — Nature of Suit: 365
Lead Docket: None — Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332pip-Diversity-Personal Injury, Product liability

| | |
|---|---|
| PATRICIA ANN MEDINA, as Trustee on behalf of heirs of Victoria Trujillo, decedent<br>plaintiff | Ronald Sidney Goldser<br>FAX 6123410844<br>[COR LD NTC]<br>Timothy J Becker<br>[COR LD NTC]<br>Zimmerman Reed<br>651 Nicollet Mall Ste 501<br>Mpls, MN 55402-4123<br>(612) 341-0400 |
| v. | |
| BAYER CORPORATION<br>defendant | Terry O Tottenham<br>[COR LD NTC]<br>Lana K Varney<br>[COR LD NTC]<br>Not Admitted<br><br>Ronn B Kreps<br>[COR LD NTC]<br>Nicholas Andrew James Vlietstra<br>FAX 6123219600<br>[COR LD NTC]<br>Fulbright & Jaworski<br>225 6th St S Ste 4850<br>Mpls, MN 55402<br>612-399-1828 |
| BAYER PHARMACEUTICAL DIVISION<br>defendant | Terry O Tottenham<br>(See above)<br>[COR LD NTC]<br>Lana K Varney<br>(See above)<br>[COR LD NTC] |

A true copy in 3 sheet (s) of the record in my custody,
CERTIFIED, Dec 21 2004
Richard D. Sletten, Clerk
BY: [signature] Deputy Clerk

Ronn B Kreps
(See above)
[COR LD NTC]
Nicholas Andrew James Vlietstra
(See above)
[COR LD NTC]

| | | |
|---|---|---|
| 10/11/01 | 1 | COMPLAINT - Summons issued. Assigned to Judge John R. Tunheim per Master list and referred to Magistrate Judge Franklin L. Noel, rcpt. no. 420922 19pg(s) (dl) [Entry date 10/16/01] |
| 10/11/01 | 2 | NOTICE by plaintiff's counsel of change of address 1pg(s) (dl) [Entry date 10/16/01] |
| 10/11/01 | -- | Mailed copy of complaint to MDL (dl) [Entry date 10/16/01] |
| 10/17/01 | 3 | FIRST AMENDED COMPLAINT [1-1] by pltf; jury demand 17pg(s) (pk) [Entry date 10/20/01] |
| 11/2/01 | 4 | ANSWER by dfts 25pg(s) (pk) [Entry date 11/03/01] |
| 11/2/01 | -- | PRO HAC VICES SENT to out of state attorneys: Terry O. Tottenham and Lana K. Varney (dl) [Entry date 11/06/01] |
| 11/19/01 | 5 | Summons - RETURN OF SERVICE executed upon defendant Bayer Pharmaceutical on 10/15/01 2pg(s) (sh) [Entry date 11/23/01] |
| 11/19/01 | 6 | Summons - RETURN OF SERVICE executed upon defendant Bayer Corporation on 10/12/01 2pg(s) (sh) [Entry date 11/23/01] |
| 12/26/01 | 7 | CONDITIONAL TRANSFER ORDER (Judicial Panel on Multidistrict Litigation / 12/12/01) transferring case to the U.S. District Court for the Western District of Washington per the MDL panel as a tag along case to Docket No. 1407, New File number is C01-2093; termination notice 1pg(s) (cc: all counsel) Mailed entire Clerk's file along with certified copies of Conditional Transfer Order and docekt entries to the Clerk's Office, U.S. District Court for the Western District of Washington, U.S. Courthouse, Suite 215, Seattle, WA 98104 (dl) [Entry date 12/28/01] |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
OFFICE OF THE CLERK

BRUCE RIFKIN
CLERK

WILLIAM KENZO NAKAMURA
U.S COURTHOUSE, SUITE 215
SEATTLE, WASHINGTON 98104

December 19, 2001

Richard Sletten, Clerk
US District Court
700 Warren E. Burger Federal Bldg
316 North Robert Street
St Paul, MN 55101

RECEIVED
BY MAIL
DEC 26 2001
CLERK US DIST COURT
ST. PAUL, MN

IN RE: MDL 1407 Phenylpropanolamine (PPA) Products Liability Litigation

Dear Clerk:

Enclosed is a certified copy of the Transfer Order (CTO-5) entered by the Judicial Panel on Multidistrict Litigation. The Order became effective December 12, 2001. We have assigned an individual Western District of Washington (WAW) case number to your case to be transferred to us as listed below.

Please send us your file along with a certified copy of your docket entries. When you send your file, please refer to our civil action number.

| Title of Case | Your Number | WAW Number |
|---|---|---|
| 1. Medina vs. Bayer Corp | 0:01-1868 | C01-2093 |
| 2. Aldridge vs. Novartis Pharm. | 0:01-1880 | C01-2094 |

Sincerely,

BRUCE RIFKIN, CLERK
BY [signature]
Mary Duett, Deputy Clerk
206-553-4080 ext 2154

Z I M M E R M A N • R E E D

ATTORNEYS • AT • LAW

651
NICOLLET MALL
SUITE 501
MINNEAPOLIS
MINNESOTA 55402
612 • 341 • 0400
FAX 612 • 341 • 0844
800 • 755 • 0098

14646
NORTH KIERLAND BLVD
SUITE 145
SCOTTSDALE
ARIZONA 85254
480 • 348 • 6400
FAX 480 • 348 • 6415

RECEIVED
BY U.S. MAIL
2001 NOV 19 AM 9:48
CLERK, U S. DIST COURT
MINNEAPOLIS, MN

RONALD S GOLDSER
Admitted in Minnesota and Wisconsin
rsg@zimmreed com

Reply to Minneapolis

November 16, 2001

*VIA U.S. MAIL*

Clerk of Court
U S D C , District of Minnesota
U S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE *Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent v. Bayer Corporation and Bayer Pharmaceutical Division*, Court File No. 01-1868 JRT/FLN

Dear Clerk

Enclosed herein for filing please find the original and one copy of the following documents regarding the above-referenced matter.

1 Summons – Bayer Corporation,
2 Affidavit of Service – Bayer Corporation,
3 Summons – Bayer Pharmaceutical Division, and
4. Affidavit of Service – Bayer Pharmaceutical Division

Please do not hesitate to contact me with any questions or concerns Thank you for your assistance in this regard.

Very truly yours,

ZIMMERMAN REED, P L L P

Ronald S Goldser
RSG jla
enc.
cc Frank Zygela, Esq

FULBRIGHT & JAWORSKI L.L.P.
A REGISTERED LIMITED LIABILITY PARTNERSHIP
225 SOUTH SIXTH STREET
SUITE 4850
MINNEAPOLIS, MN 55402

TELEPHONE 612/321-2800
FACSIMILE 612/321-9600

RONN B KREPS
PARTNER

INTERNET ADDRESS
RKREPS@FULBRIGHT COM

DIRECT DIAL 612/321-2810

HOUSTON
WASHINGTON, D.C.
AUSTIN
SAN ANTONIO
DALLAS
NEW YORK
LOS ANGELES
MINNEAPOLIS
LONDON
HONG KONG

RECEIVED
01 NOV -2 PM 4:41
CLERK U.S. DISTRICT COURT
MINNEAPOLIS

November 2, 2001

Clerk of Court
United States District Court
U.S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

VIA: HAND-DELIVERY

Re. Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent v Bayer Corporation and Bayer Pharmaceutical Division, File No. 01-1868 JRT/FLN

Dear Sir or Madam:

Enclosed for filing in the above-referenced matter please find the original ~~and two copies~~ of the Answer and Defenses of Bayer Corporation

Very truly yours,

Ronn B Kreps

RBK/bg
Enclosures

cc: Ronald S. Goldser, Esq.
Timothy J Becker, Esq.

Z I M M E R M A N • R E E D

ATTORNEYS • AT • LAW

901
NORTH THIRD STREET
SUITE 100
MINNEAPOLIS
MINNESOTA 55401
612 • 341 • 0400
FAX 612 • 341 • 0844
800 • 755 • 0098

14646
NORTH KIERLAND BLVD
SUITE 145
SCOTTSDALE
ARIZONA 85254
602 • 956 • 3136
FAX 602 • 956 • 3213

RECEIVED
BY U.S. MAIL
2001 OCT 17 AM 9 32
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

**RONALD S GOLDSER**
**Admitted in Minnesota and Wisconsin**
**rsg@zimmreed com**

**Reply to Minneapolis**

October 16, 2001

***VIA U.S. MAIL***

Clerk of Court
U S.D C., District of Minnesota
U S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE: ***Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent v. Bayer Corporation and Bayer Pharmaceutical Division***; Court File No 01-1868 JRT/FLN

Dear Clerk

1 copy to FLN

Enclosed herein for filing please find the original and two copies of the First Amended Complaint regarding the above-referenced matter (one copy to be file-stamped and returned)

Also, by copy of this letter, all parties are hereby served with same by U.S mail

Please do not hesitate to contact me with any questions or concerns Thank you for your assistance in this regard

Very truly yours,

ZIMMERMAN REED, P.L L P

Ronald S Goldser
RSG jla
enc.
cc Bayer Corporation
Bayer Pharmaceutical Division
Frank Zygela, Esq

JS 44
(REV 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

**I. (a) PLAINTIFFS**
**Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent**

**DEFENDANTS**
**Bayer Corporation and Bayer Pharmaceutical Division**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Pueblo
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED ______
(IN U S PLAINTIFF CASES ONLY)
NOTE IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(C) ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
**ZIMMERMAN REED, P.L L P , 901 North Third St., Ste. 100, Minneapolis, MN 55401, Ph. 612 341 0400**

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U S Government Plaintiff
- [ ] 3 Federal Question (U S Government Not a Party)
- [ ] 2 U S Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excl Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability

**TORTS**

PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault Libel & Slander
- [ ] 330 Federal Employers Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury

PERSONAL INJURY
- [ ] 362 Personal Injury—Med Malpractice
- [X] 365 Personal Injury—Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 610 Agriculture
- [ ] 620 Other Food & Drug
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 630 Liquor Laws
- [ ] 640 R R & Truck
- [ ] 650 Airline Regs
- [ ] 660 Occupational Safety/Health
- [ ] 690 Other

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 840 Trademark

**OTHER STATUTES**
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce/ICC Rates/etc
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 810 Selective Service
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 875 Customer Challenge 12 USC 3410
- [ ] 891 Agricultural Acts
- [ ] 892 Economic Stabilization Act
- [ ] 893 Environmental Matters
- [ ] 894 Energy Allocation Act
- [ ] 895 Freedom of Information Act
- [ ] 900 Appeal of Fee Determination Under Equal Access to Justice
- [ ] 950 Constitutionality of State Statutes
- [ ] 890 Other Statutory Actions

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 444 Welfare
- [ ] 440 Other Civil Rights

**PRISONER PETITIONS**
- [ ] 510 Motions to Vacate Sentence

HABEAS CORPUS
- [ ] 530 General
- [ ] 535 Death Penalty
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Mgmt Relations
- [ ] 730 Labor/Mgmt Reporting & Disclosure Act
- [ ] 740 Railway Labor Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Empl Ret Inc Security Act

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DWC/DIWW
- [ ] 864 SSID Title XVI
- [ ] 865 RSI ( 405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U S Plaintiff or Defendant
- [ ] 871 IRS — Third Party 26 USC 7609

## V ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE DO NOT CITE JURISDICTIONAL STATUES UNLESS DIVERSITY)

28 U S.C § 1332

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F R C P 23

**DEMAND $** excess of $75,000

CHECK YES only if demanded in complaint
**JURY DEMAND** [X] YES [ ] NO

## VIII. RELATED CASE(S) (See instructions) IF ANY

JUDGE Barbara Jacobs Rothstein DOCKET NUMBER MDL No 1407

DATE 10/11/01 SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG JUDGE ______

Z I M M E R M A N • R E E D

ATTORNEYS • AT • LAW

901
NORTH THIRD STREET
SUITE 100
MINNEAPOLIS
MINNESOTA 55401
612 • 341 • 0400
FAX 612 • 341 • 0844
800 • 755 • 0098

14646
NORTH KIERLAND BLVD
SUITE 145
SCOTTSDALE
ARIZONA 85254
602 • 956 • 3136
FAX 602 • 956 • 3213

RONALD S GOLDSER
Admitted in Minnesota and Wisconsin
rsg@zimmreed com

Reply to Minneapolis

RECEIVED
OCT 11 2001
CLERK, U S DIST COURT
MINNEAPOLIS, MN

October 11, 2001

***VIA HAND DELIVERY***

Clerk of Court
U S D C , District of Minnesota
U S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

RE *Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent v. Bayer Corporation and Bayer Pharmaceutical Division*

Dear Sir or Madam

Enclosed herein for filing please find the original and two copies of the following documents

1 Civil Cover Sheet,
2 Summons for Bayer Corporation (to be issued and returned),
3 " Bayer Pharmaceutical Division (to be issued and returned),
4 Complaint - Demand for Jury Trial, and
5 Notice of Change of Address

Also, enclosed please find our check in the amount of $150 00 for the cost of filing fees.

Please do not hesitate to contact me with any questions or concerns Thank you for your assistance in this regard

Very truly yours,

ZIMMERMAN REED, P.L.L.P.

Ronald S Goldser
RSG jla
enc
cc: Frank Zygela, Esq

A CERTIFIED TRUE CO[PY]

DEC 12 [illegible]

ATTEST [signature]
FOR THE JUDICIAL PANEL OF
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

NOV 26 2001

FILED
CLERK'S OFFICE

***DOCKET NO. 1407***

## *BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

## *IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION*

***(SEE ATTACHED SCHEDULE)***

## *CONDITIONAL TRANSFER ORDER (CTO-5)*

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407. Since that time, more than 60 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions listed on the attached schedule involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), the actions listed on the attached schedule are hereby transferred under 28 U.S.C. §1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein

This order does not become effective until it is filed in the office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

A true copy in 1 sheet (s)
of the record in my custody,
CERTIFIED, Dec. 26 20 01
Richard D. Sletten, Clerk
BY: [signature]
Deputy Clerk

FOR THE PANEL

FILED DEC 26 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

[signature: Michael J. Beck]
Michael J Beck
Clerk of the Panel

Inasmuch as no objection is pending at this time, the stay is lifted.

DEC 12 2001

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

I hereby certify that the annexed instruments is a true and correct copy of the original on file in my office
ATTEST: BRUCE RIFKIN
Clerk, U S District Court
Western District of Washington
By [signature]
Deputy Clerk

# SCHEDULE CTO-5 TAG ALONG CASES
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

| DISTRICT | DIV | CIVIL ACTION# | |
|---|---|---|---|
| LOUISIANA MIDDLE | | | |
| LAM | 3 | 01-844 | Lowery v. Bayer Corp., et al. |
| LAM | 3 | 01-849 | Hand, et al. v. Chattem, Inc., et al. |
| LAM | 3 | 01-860 | Alexander, et al. v. Bayer Corp. |
| LAM | 3 | 01-861 | Wolfe, et al. v. Bayer Corp., et al. |
| LAM | 3 | 01-864 | Nuernberg v. Novartis Corp., et al. |
| LAM | 3 | 01-865 | Butitta, etc. v. Novartis Corp., et al. |
| LAM | 3 | 01-872 | McGee, et al. v. Bayer Corp., et al. |
| LOUISIANA WESTERN | | | |
| LAW | 1 | 01-2090 | Jenkins v. Bayer Corp. |
| LAW | 1 | 01-2091 | McKey, et al. v. Bayer Corp. |
| LAW | 2 | 01-2093 | Stemmann v. Bayer Corp. |
| LAW | 2 | 01-2094 | Norwood, et al. v. Bayer Corp., et al. |
| LAW | 3 | 01-2097 | Young, etc. v. Bayer Corp. |
| LAW | 5 | 01-1981 | Williams v. GlaxoSmithKline, et al. |
| LAW | 5 | 01-2099 | Beach, et al. v. Smithkline Beechman Corp., et al. |
| LAW | 6 | 01-2092 | Taylor, etc. v. Bayer Corp. |
| LAW | 6 | 01-2141 | Mitchell, et al. v. Bayer Corp., et al. |
| MINNESOTA | | | |
| MN | 0 | 01-1868 | Medina, etc. v. Bayer Corp., et al. |
| MN | 0 | ~~01-1880~~ | Aldridge v. Novartis Pharmaceuticals Corp. |
| MISSISSIPPI SOUTHERN | | | |
| MSS | 5 | 01-309 | Averill v. Schering-Plough Healthcare Products, Inc. |
| MSS | 5 | 01-316 | Gary v. Chattem, Inc. |

# VOLVED COUNSEL LIST (CTO
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Vance R. Andrus
Andrus, Boudreaux, Lemoine & Tonore
416 West Main Street
P.O. Box 3347
Lafayette, LA 70502

Richard J. Arsenault
Nesblett, Beard & Arsenault
2220 Bonaventure Court
P O. Box 1190
Alexandria, LA 71309

Charles P. Blanchard
Chaffe, McCall, Phillips, Toler & Sarpy
2300 Energy Centre
1100 Poydras Street
New Orleans, LA 70163

Philip Bohrer
Bohrer Law Firm
3388 Brentwood Drive
Baton Rouge, LA 70809

Joy Goldberg Braun
Sessions, Fishman & Nathan, LLP
Suite 3500
201 St. Charles Avenue
New Orleans, LA 70170

Gordon R. Crawford
Gordon R. Crawford & Associates
324 E. Worthey Road
Gonzales, LA 70737

Walter C Dumas
Dumas & Associates
1263 Government Street
P O. Box 1366
Baton Rouge, LA 70821

Vance A Gibbs
Kean, Miller, Hawthorne, D'Armond, et al
One American Place
22nd Floor
P.O. Box 3513
Baton Rouge, LA 70821

Ronald S Goldser
Zimmerman Reed, P.L L P.
651 Nicollet Mall
Suite 501
Minneapolis, MN 55402

James B. Irwin
Irwin, Fritchie, Urquhart & Moore, LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

Ronn B. Kreps
Nicholas, Andrew, James, et al
1500 Northwest Financial Center
7900 Xerxes Avenue, South
Bloomington, MN 55431

Silas W McCharen
Daniel, Coker, Horton & Bell
P O Box 1084
111 East Capitol Street
Suite 600
Jackson, MS 39215

Gordon J. McKernan
McKernan Law Firm
8710 Jefferson Highway
Baton Rouge, LA 70809

Stephen B Murray
Murray Law Firm
909 Poydras Street
Suite 2550
New Orleans, LA 70112

Eugene R Naylor
Wise, Carter, Child & Caraway
P O. Box 651
Jackson, MS 39205

Ronnie G. Penton
Law Offices of Ronnie G Penton
209 Hoppen Place
Bogalusa, LA 70427

Herschel E Richard, Jr
Cook, Yancey, et al.
P.O Box 22260
Shreveport, LA 71120

W. James Singleton
4050 Linwood Avenue
Shreveport, LA 71108

Charles E. Sorey, II
Ramsey Law Firm, P C.
21 North Florida Street
Mobile, AL 36607

# INVOLVED JUDGES LIST (CTO-5)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Hon William H. Barbour, Jr
U S. District Judge
430 James O Eastland U S Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon James J Brady
U S District Judge
369 Russell B Long Federal Building
777 Florida Street
Baton Rouge, LA 70801

Hon David C Bramlette, III
U S District Judge
216 Federal Building
725 Martin Luther King, Jr Blvd
Biloxi, MS 39530

Hon Richard T Haik, Sr
U S District Judge
4200 U S Courthouse
800 Lafayette Street
Lafayette, LA 70501

Hon Robert G James
U S District Judge
U S District Court
P O Drawer 3107
Monroe, LA 71201

Hon F A Little, Jr
Chief Judge, U.S District Court
P O Box 1031
Alexandria, LA 71309

Hon Paul A Magnuson
U S District Judge
730 Warren E Burger Federal Building
316 North Robert Street
St Paul, MN 55101

Hon Tom Stagg
Senior U S District Judge
4100 U S Courthouse
300 Fannin Street
Shreveport, LA 71101

Hon James T Trimble, Jr
U S District Judge
237 Edwin F Hunter Jr
U S Courthouse & Federal Building
611 Broad Street
Lake Charles, LA 70601

Hon. John R. Tunheim
U S District Judge
13E U S Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Ralph E Tyson
U S District Judge
301 Russell B Long Federal Building
777 Florida Street
Baton Rouge, LA 70801

Hon Donald E Walter
U S District Judge
4200 U S Courthouse
300 Fannin Street
Shreveport, LA 71101

**INVOLVED CLERKS LIST (CTO-5)**
**DOCKET NO. 1407**
**IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION**

Francis E Dosal
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

J.T. Noblin
316 James O. Eastland U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Lawrence Talamo
U.S. District Court
Russell B Long Federal Building
777 Florida Street
Baton Rouge, LA 70801

Robert H. Shemwell
2100 U S Courthouse
800 Lafayette Street
Lafayette, LA 70501

Robert H. Shemwell
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101

Robert H. Shemwell
Post Office Drawer 3087
Monroe, LA 71201

Robert H. Shemwell
P.O. Box 1269
Alexandria, LA 71309

# United States District Court

JUDGE JOHN R. TUNHEIM/MAGISTRATE JUDGE FRANKLIN L. NOEL

DISTRICT OF MINNESOTA

Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent

V.

Bayer Corporation and Bayer Pharmaceutical Division

## SUMMONS IN A CIVIL CASE

CASE NUMBER. 01-1868JRT/FLN

TO: (Name and address of defendant)

Bayer Corporation
c/o CT Corporation Systems
1515 Market Street
Philadelphia, PA 19102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald S. Goldser
ZIMMERMAN REED, P.L.L.P.
901 North Third Street, Suite 100
Minneapolis, MN 55401
Ph. 612.341.0400

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD D. SLETTEN
CLERK

OCTOBER 11, 2001
DATE

Denise LaFond
(BY) DEPUTY CLERK

(6)

FILED NOV 1 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Medina, et. al., Plaintiff(s)
vs.
Bayer Coporation, et al, Defendant(s)

Service of Process by
**APS International, Ltd.**
**1-800-328-7171**
APS International Plaza
7800 Glenroy Road
Minneapolis, MN 55439-3122

# AFFIDAVIT OF SERVICE -- Corporate

**Service of Process on:**
--Bayer Corporation, c/o CT Corporation Systems
Court Case No. ________

ZIMMERMAN REED
Ms. Jessica L. Anderson
901 North 3rd St, Suite 100
Minneapolis, MN 55401

**State of:** PA ) ss.
**County of:** Philadelphia )

**Name of Server:** Jim Farrow, undersigned, being duly sworn, deposes and says that at the time of service, s/he was over the age of twenty-one, was not a party to this action;

**Date/Time of Service:** that on the 12 day of October, ~~19~~ 2001, at 1150 o'clock A M

**Place of Service:** at 1515 Market St, city of Philadelphia, state of PA

**Documents Served:** the undersigned served the documents described as
Summons and Complaint
Notice of Change of Address

**Service of Process on:** A true and correct copy of the aforesaid document(s) was served on:
Bayer Corporation, c/o CT Corporation Systems

**Person Served, and Method of Service:** By delivering them into the hands of an officer or managing agent whose name and title is. Nancy Armstrong / Process Specialist

**Description of Person Receiving Documents:** The person receiving documents is described as follows:
Sex F, Skin Color White; Hair Color Black; Facial Hair ________
Approx Age 36, Approx Height 5'6", Approx. Weight 120

☐ To the best of my knowledge and belief, said person was not engaged in the US Military at the time of service.

**Signature of Server:** Undersigned declares under penalty of perjury that the foregoing is true and correct

Jim Farrow 10/12/01
Signature of Server (Date)

Subscribed and sworn to before me this 12 day of October, ~~19~~ 2001

[signature] 3/20/04
Notary Public (Commission Expires)

**APS International, Ltd.**
APS File # 048728-0001

Notarial Seal
Brandon Bruno, Notary Public
Philadelphia, Philadelphia County
My Commission Expires Mar. 20, 2004

# United States District Court

JUDGE JOHN R. TUNHEIM/MAGISTRTE JUDGE FRANKLIN L. NOEL

DISTRICT OF MINNESOTA

Patricia Ann Medina, as Trustee on behalf of heirs of Victoria Trujillo, Decedent

V.

Bayer Corporation and Bayer Pharmaceutical Division

## SUMMONS IN A CIVIL CASE

CASE NUMBER: 01-1868JRT/FLN

TO: (Name and address of defendant)

Bayer Pharmaceutical Division
c/o CT Corporation Systems
One Commercial Plaza
Hartford, CT 06103

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Ronald S. Goldser
ZIMMERMAN REED, P.L.L.P.
901 North Third Street, Suite 100
Minneapolis, MN 55401
Ph. 612.341.0400

an answer to the complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD D. SLETTEN
CLERK

OCTOBER 11, 2001
DATE

Denise LaFond
(BY) DEPUTY CLERK

(5)

FILED NOV 1 9 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**PATRICIA MEDINA, AS TRUSTEE ON BEHALF OF HEIRS OF VICTORIA TRUJILLO, DECEDENT**
Plaintiff(s), Petitioner(s)

*against*

**BAYER CORPORATION AND BAYER PHARMACEUTICAL DIVISION**
Defendant(s), Respondent(s)

**CLIENT: APS**

**INDEX NO · 01-1868JRT/FLN**

**DATE OF FILING. 10/11/2001**

**RETURN DATE. 10/12/2001**

**JUSTICE. 048728-002**

# AFFIDAVIT OF SERVICE

STATE OF CONNECTICUT COUNTY OF HARTFORD

I, Michele Avery being duly sworn according to law upon my oath, depose and say, that deponent is not a party to this action, is over 18 years of age and resides in Bolton, CT

Furthermore, that on **October 15, 2001 at 12:15 PM at 400 Morgan Lane, Marsh Hill Lane, West Haven, CT ,** deponent served the **Summons and Complaint, Notice of Change of Address** upon **Bayer Pharmaceutical Division**, (Defendant/Respondent) herein known as Recipient.

*Said service was effected in the following manner;*

By delivering to and leaving a true copy of each **Summons and Complaint, Notice of Change of Address** with **Officer Tony Crisafi** a person who is known to be the **CPO/Authorized** of said corporation, and who is authorized by said corporation to receive said documents

Deponent describes the individual served to the best of deponent's ability at the time and circumstances of service as follows·
Sex **Male** Skin **White** Hair **White** Age(Approx): **36-50** Height(Approx). **5'4" - 5'8"** Weight(Approx) **161-200 lbs**
Other· **Balding**

I certify that the foregoing statements made by me are true, correct and my free act and deed. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment

Michele Avery, Private Process Server

Sworn to before me on November 14, 2001

Notary Public
My Commission Expires 08/31/2004

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| PATRICIA ANN MEDINA, as Trustee on behalf of heirs of VICTORIA TRUJILLO, Decedent,<br><br>Plaintiff<br><br>vs.<br><br>BAYER CORPORATION and BAYER PHARMACEUTICAL DIVISION,<br><br>Defendants | Case Number: 01-1868 JRT/FLN |

## ANSWER AND DEFENSES OF BAYER CORPORATION

Defendant Bayer Corporation[1/] ("Bayer") answers the Plaintiff's complaint and amended complaint as follows:

### INTRODUCTION

1 In answer to paragraph 1, Bayer states that paragraph 1 contains no allegations directed at Bayer and, therefore, no answer is required by Bayer. To the extent an answer by Bayer may be deemed necessary, Bayer admits that PPA is a chemical that was an active ingredient in over-the-counter decongestant medication and weight-control aids. Bayer further states that the allegations concerning FDA's actions state legal conclusions to which no response is required by Bayer To the extent the allegations concerning FDA's actions require a response,

[1/]Defendant Bayer Corporation asserts that Bayer Pharmaceutical Division is incorrectly named as a party in Plaintiff's Complaint, however, Bayer Corporation answers Plaintiff's Complaint on behalf of itself and Bayer Pharmaceutical Division

15021069 1

(4)

FILED NOV 02 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD.
DEPUTY CLERK

25

Bayer states that on November 6, 2000, the FDA requested that manufacturers voluntarily discontinue marketing medicines containing PPA, which Bayer did. As to the remaining allegations, Bayer lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore, denies the allegations contained therein.

2 In answer to paragraph 2, Bayer states that paragraph 2 contains no allegations directed at Bayer and, therefore, no answer is required by Bayer. To the extent an answer by Bayer may be deemed necessary, Bayer denies the allegations contained therein

3. The allegations contained in paragraph 3 are denied as stated Bayer states that it marketed its PPA-containing medicines as safe for use in accordance with their labeling Further, Bayer avers that its PPA-containing decongestant medicines have been used safely for decades and that a causal link has not been established between the use of medicines containing PPA and the occurrence of strokes or other adverse drug reactions

4. With regards to Plaintiff's ingestion of PPA-containing medicines, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies said allegations Bayer denies the remaining allegations

5 In answer to paragraph 5, Bayer denies any implication that it engaged in any wrongdoing whatsoever. As to the remaining allegations, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore, denies said allegations.

## *JURISDICTION*

6 In response to paragraph 6, Bayer admits that this court has subject matter jurisdiction. Although Bayer denies any implication that Plaintiff may be entitled to recover the

same, Bayer admits that, upon information and belief, the amount in controversy exceeds $75,000.00 and that complete diversity of citizenship between Plaintiff and Defendant exists

7 In answer to paragraph 7, Bayer states that it is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania, that it conducts business and at certain times prior to November 4, 1998 has done business in the State of Minnesota. Bayer further admits that prior to November 6, 2000, it manufactured, promoted, marketed and sold non-prescription, over-the-counter pharmaceutical medicines which contained PPA as an active ingredient Such medicines were manufactured, promoted, marketed and sold for use in Minnesota in accordance with their labeling. Except as admitted, Bayer denies the allegations contained in paragraph 7.

**PARTIES**

8 In answer to paragraph 8, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies the allegations contained therein.

9. In answer to paragraph 9, Bayer states that it is an Indiana corporation with its principal place of business in Pittsburgh, Pennsylvania, that it conducts business and at certain times prior to November 4, 1998 has done business in the State of Minnesota Bayer further admits that prior to November 6, 2000, it manufactured, promoted, marketed and sold non-prescription, over-the-counter pharmaceutical medicines which contained PPA as an active ingredient. Such medicines were manufactured, promoted, marketed and sold for use in Minnesota in accordance with their labeling Except as admitted, Bayer denies the allegations contained in paragraph 9

10 In answer to paragraph 10, Bayer denies the allegations contained therein

## FACTUAL ALLEGATIONS

11. Bayer admits that at certain times and prior to November 6, 2000, it manufactured, promoted, marketed and sold medicines containing PPA for use in accordance with their labeling in Minnesota and throughout the United States under the *Alka-Seltzer Plus Cold Effervescent* brand name. The *Alka-Seltzer Plus Cold Effervescent* medicines included *Alka-Seltzer Plus Cold & Cough Medicine Effervescent* Except as admitted, Bayer denies the remaining allegations contained in paragraph 11

12 To the extent that paragraph 12 alleges that Bayer engaged in any wrongdoing, Bayer denies the allegations contained therein. Because Plaintiff has failed to specify who it regards as agents or employees, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies the remaining allegations

13. To the extent that paragraph 13 alleges that Bayer engaged in any wrongdoing, Bayer denies the allegations contained therein. As to the remaining allegations, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies the remaining allegations.

14. In answer to paragraph 14, Bayer responds that to the extent paragraph 14 regards Plaintiff's state of mind when she purchased PPA-containing products, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies the allegations contained therein. Bayer denies the remaining allegations.

15 In answer to paragraph 15, Bayer admits that PPA is a chemical and that it is a member of a class of substances known as sympathomimetic amines. Except as admitted, Bayer denies the remaining allegations

16 In answer to paragraph 16, Bayer states that paragraph 16 contains no allegations directed at Bayer and therefore, no answer is required by Bayer. To the extent an answer is deemed necessary, Bayer admits that PPA is a vasoconstrictor Except as admitted, Bayer denies the remaining allegations

17 Bayer denies the allegations contained in paragraph 17 as stated. Because Plaintiff has failed to specifically identify the published incident reports or the medical literature referred to in paragraph 17, Bayer lacks knowledge and information sufficient to form a belief as to the truth of such allegations and therefore, denies the allegations. Bayer further states that *Alka-Seltzer Plus Cold Effervescent* Medicine was prepared by Bayer and provided by Bayer, including its labels and warnings, pursuant to the approval of the appropriate federal agencies and applicable statutes and regulations. Therefore, except as admitted, Bayer denies the remaining allegations contained in paragraph 17.

18. In answer to paragraph 18, Bayer admits that at certain times, Bayer has been a member of the Non-Prescription Drug Manufacturers Association (the "NDMA") and that the NDMA is currently know as the Consumer Healthcare Products Association ("CHPA"). Bayer further admits that a function of the NDMA /CHPA is to provide information to its members concerning issues of importance to the industry. Except as admitted, Bayer denies the allegations contained therein

19. In answer to paragraph 19, Bayer admits that at certain times, Bayer has been a member of NDMA After reasonable investigation, Bayer lacks knowledge or information sufficient to form a belief as to the truth of the conclusory allegations contained therein relative to the unspecified "concerns" of unnamed persons about which members of the NDMA and the NDMA's PPA Task Force had knowledge, and, therefore, denies the remaining allegations

20 Bayer denies the allegations in paragraph 20 as stated. Bayer admits that at certain times, Bayer has been a member of NDMA. After reasonable investigation, Bayer is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein concerning what unnamed members of the "NDMA" and the "PPA Task Force" had knowledge of in 1994 and therefore, Bayer denies the related allegations in paragraph 20. Further, Bayer states that it always provided warnings consistent with FDA requirements with its PPA-containing decongestant medicines, contrary to the allegations in paragraph 20.

21. The allegations contained in paragraph 21 are denied as stated. Bayer states that it marketed its PPA-containing medicines as safe for use in accordance with their labeling Further, Bayer avers that its PPA-containing decongestant medicines have been used safely for decades and that a causal link has not been established between the use of medicines containing PPA and the occurrence of strokes or other adverse drug reactions.

22. In answer to paragraph 22, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies the allegations contained therein.

23. In answer to paragraph 23, with respect to the allegations regarding other members of NDMA, Bayer lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore, denies said allegations. Bayer denies the remaining allegations contained therein.

24. In answer to paragraph 24, Bayer denies the allegations contained therein.

25. In answer to paragraph 25, Bayer states that the allegations contained therein state legal conclusions to which no response is required. To the extent a response is deemed necessary, Bayer denies that Plaintiff has accurately described Bayer's warning obligations

Further, Bayer states that at all times it has discharged its duty to warn in connection with the sale of its PPA-containing decongestant medicines

26. In paragraph 26 of the Complaint, Plaintiff has failed to specifically identify the alleged reports of adverse effects, and alleged hospitalizations and/or deaths associated with PPA; accordingly, Bayer lacks knowledge or information sufficient to form a belief as to the truth of such allegations and therefore, denies said allegations

27. In paragraph 27, Plaintiff has failed to specifically identify the "PPA manufacturer-sponsored efforts." Therefore, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies said allegations Bayer denies the remaining allegations contained in paragraph 27

28. In paragraph 28, Plaintiff has failed to specifically identify "these purposes" Therefore, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies said allegations. Bayer denies the remaining allegations contained in paragraph 28

29 In answer to paragraph 29, Bayer admits that its PPA-containing medicines were manufactured, promoted, marketed and sold by Bayer, and were safe for use as over-the-counter nasal decongestant medicines when used in accordance with their labeling Except as admitted, Bayer denies the remaining allegations.

30. In answer to paragraph 30, Bayer denies the allegations asserted therein

**FIRST CAUSE OF ACTION**

(Strict Liability-Failure to Warn)

31. In answer to paragraph 31, Bayer restates and reasserts each answer set forth in paragraphs 1 through 30 as if stated herein

32. In answer to paragraph 32, Bayer denies the allegations contained therein.

33. In answer to paragraph 33, Bayer denies the allegations contained therein.

34. *In answer to paragraph 34, Bayer denies the allegations contained therein*

**SECOND CAUSE OF ACTION**

(Negligence)

35 In answer to paragraph 35, Bayer restates and reasserts each answer set forth in paragraphs 1 through 34 as if stated herein

36. Some of the allegations in paragraph 36 state legal conclusions to which no response is necessary To the extent a response is deemed necessary, Bayer admits that, subject to any applicable defenses, Bayer had a duty to comply with applicable law, which it did. Except as admitted, Bayer denies the remaining allegations contained in paragraph 36.

37 In answer to paragraph 37, Bayer denies the allegations contained therein

38 In answer to paragraph 38, Bayer admits that at certain times and prior to November 6, 2000, it manufactured, promoted, marketed and sold medication containing PPA for use in accordance with their labeling Furthermore, Bayer admits that its PPA-containing decongestant medications were safe as marketed and distributed, and included adequate warnings and instructions for safe use. Except as admitted, Bayer denies the remaining allegations in paragraph 38.

39. In answer to paragraph 39, Bayer denies the allegations contained therein.

**THIRD CAUSE OF ACTION**

(Negligence Per Se)

40. In answer to paragraph 40, Bayer restates and reasserts each answer set forth in paragraphs 1 through 39 as if stated herein

41. Some of the allegations in paragraph 41 state legal conclusions to which no response is necessary To the extent a response is deemed necessary, Bayer admits that, subject

to any applicable defenses, Bayer had a duty to comply with applicable law, which it did. Except as admitted, Bayer denies the remaining allegations contained in paragraph 41

42 In answer to paragraph 42, Bayer denies the allegations contained therein.

43. In answer to paragraph 43, Bayer denies any implication that it engaged in any wrongdoing whatsoever. Furthermore, some of the allegations in paragraph 43 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore denies said allegations.

44 In answer to paragraph 44, Bayer denies the allegations contained therein.

45. In answer to paragraph 45 and all its subparts, Bayer denies the allegations contained therein.

46. In answer to paragraph 46, Bayer denies the allegations contained therein.

**FOURTH CAUSE OF ACTION**

(Breach of Implied Warranty)

47. Defendant restates and reasserts each answer set forth in paragraphs 1 through 46 as if stated herein.

48. In answer to paragraph 48, Bayer admits that its PPA-containing medicines were manufactured, marketed, promoted, and sold by Bayer, and were intended to function as safe for use as over-the-counter nasal decongestant medicines when used in accordance with their labeling. Except as admitted, Bayer denies the remaining allegations

49 In answer to paragraph 49, with regards to Plaintiff's state of mind, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore, denies said allegations

50 In answer to paragraph 50, Bayer denies the allegations contained therein

51. In answer to paragraph 51, Bayer denies the allegations contained therein.

**FIFTH CAUSE OF ACTION**

(Breach of Express Warranty)

52 Defendant restates and reasserts each answer set forth in paragraphs 1 through 51 as if stated herein.

53. In answer to paragraph 53, Bayer admits that its PPA-containing medicines were manufactured, marketed, promoted, and sold by Bayer, and were intended to function as safe for use as over-the-counter nasal decongestant medicines when used in accordance with their labeling. Except as admitted, Bayer denies the remaining allegations.

54. In answer to paragraph 54, with regards to Plaintiff's state of mind, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and therefore, denies said allegations. Bayer denies the remaining allegations contained in paragraph 54.

55 In answer to paragraph 51, Bayer denies the allegations contained therein.

**SIXTH CAUSE OF ACTION**

(Deceit by Concealment)

56. Defendant restates and reasserts each answer set forth in paragraphs 1 through 55 as if stated herein.

57. Some of the allegations in paragraph 57 state legal conclusions to which no response is necessary. To the extent a response is deemed necessary, Bayer admits that, subject to any applicable defenses, Bayer had a duty to comply with applicable law, which it did. Except as admitted, Bayer denies the remaining allegations contained in paragraph 57

58 In answer to paragraph 58, Bayer admits that its PPA-containing medicines were manufactured, marketed, promoted, and sold by Bayer, and were intended to function as safe for

use as over-the-counter nasal decongestant medicines when used in accordance with their labeling Except as admitted, Bayer denies the remaining allegations.

59 In answer to paragraph 59, Bayer denies the allegations contained therein

60 In answer to paragraph 60, Bayer denies the allegations contained therein

**SEVENTH CAUSE OF ACTION**

(Negligent Misrepresentation)

61. Defendant restates and reasserts each answer set forth in paragraphs 1 through 60 as if stated herein.

62. In answer to paragraph 62, Bayer denies the allegations contained therein.

63. In answer to paragraph 63, Bayer admits that its PPA-containing medicines were manufactured, marketed, promoted, and sold by Bayer, and were intended to function as safe for use as over-the-counter nasal decongestant medicines when used in accordance with their labeling Except as admitted, Bayer denies the remaining allegations

64 In answer to paragraph 64, Bayer denies the allegations contained therein

65. In answer to paragraph 65, Bayer admits that its PPA-containing medicines were manufactured, marketed, promoted, and sold by Bayer, and were intended to function as safe for use as over-the-counter nasal decongestant medicines when used in accordance with their labeling. Except as admitted, Bayer denies the remaining allegations

66. In answer to paragraph 66, Bayer denies the allegations contained therein

67. In answer to paragraph 67, Bayer denies the allegations contained therein

**EIGHTH CAUSE OF ACTION**

(Minnesota Deceptive Trade Practices Act, Minn Stat §§ 325D *et seq* )

68 Defendant restates and reasserts each answer set forth in paragraphs 1 through 67 as if stated herein

69. Some of the allegations in paragraph 69 state legal conclusions to which no answer is required To the extent an answer is deemed necessary, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies the allegations contained therein

70 In answer to paragraph 70, Bayer denies the allegations contained therein.

71. In answer to paragraph 71, Bayer denies the allegations contained therein

72. In answer to paragraph 72, Bayer denies the allegations contained therein

73 In answer to paragraph 73, Bayer states that the allegations contained therein state legal conclusions to which no response is required. To the extent a response is deemed necessary, Bayer denies any implication that it engaged in any wrongdoing whatsoever.

74 In answer to paragraph 74, Bayer denies the allegations contained therein

75. In answer to paragraph 75, Bayer denies the allegations contained therein.

76. In answer to paragraph 76, Bayer denies the allegations contained therein.

**NINTH CAUSE OF ACTION**

(Minnesota Consumer Fraud Act, Minn Stat. §§ 325F *et seq.*)

77. In answer to paragraph 77, Bayer restates and reasserts each answer set forth in paragraphs 1 through 76 as if stated herein

78. In answer to paragraph 78, Bayer lacks knowledge and information sufficient to form a belief as to the truth of the allegations asserted and, therefore, denies the allegations contained therein

79 In answer to paragraph 79, Bayer denies the allegations contained therein.

80 In answer to paragraph 80, Bayer denies the allegations contained therein

81 In answer to paragraph 81, Bayer states that the allegations contained therein state legal conclusions to which no response is required. To the extent a response is deemed necessary, Bayer denies any implication that it engaged in any wrongdoing whatsoever

82. In answer to paragraph 82, Bayer denies the allegations contained therein.

83. In answer to paragraph 83, Bayer denies the allegations contained therein

84 In answer to paragraph 84, Bayer denies the allegations contained therein.

85. In answer to the demand portion of the Complaint, including all its subparts, Bayer denies the allegations directed at Bayer contained therein and further denies that Plaintiff is entitled to any of the relief requested.

## DEFENSES

Discovery and investigation may reveal that any one or more of the following defenses should be available to Bayer in this matter. Bayer therefore asserts said defenses in order to preserve the right to assert them Upon completion of discovery, and if the facts warrant, Bayer may withdraw any of these defenses as may be appropriate. Further, Bayer reserves the right to amend this answer to assert additional defenses, cross-claims, counterclaims and other claims and defenses as discovery proceeds. Further answering and by way of defense, Bayer states as follows

### FIRST DEFENSE
(Failure to State a Claim)

Plaintiff's complaint and each and every purported cause of action therein fail to state facts sufficient to constitute a cause of action against Bayer; moreover, Plaintiff's complaint fails to state a claim for punitive damages against Bayer upon which relief can be granted.

SECOND DEFENSE
(Statute of Limitations)

With respect to each and every cause of action in Plaintiff's complaint, all or part of Plaintiff's claims are barred by the applicable statute of limitations.

THIRD DEFENSE
(Consent/Assumption of Risk)

Plaintiff, knowing the nature and properties of the medicine(s) which are the subject matter of this action, consented to use, if any, the medicine(s), and/or assumed the risk of such use, and accordingly Bayer cannot be held liable.

FOURTH DEFENSE
(Preemption)

With respect to each and every cause of action in Plaintiff's complaint, the acts alleged are regulated by the statutes and regulations of the federal government, which preempt all additional or different state laws. Accordingly, the claims of Plaintiff are preempted in whole or in part by federal law pursuant to the Supremacy Clause of the United States Constitution.

FIFTH DEFENSE
(Indispensable Parties)

Plaintiff has failed to join indispensable parties required for a proper adjudication of this matter. Furthermore, in the alternative, the alleged injuries and/or losses of the Plaintiff, if any, were caused in part by the legal fault and/or negligence of parties other than Bayer, over whom Bayer had no control, and any recovery by the Plaintiff should be apportioned under Minn Stat § 604 01.

SIXTH DEFENSE
(Improper Joinder)

Plaintiff's complaint is an improper joinder and an improper accumulation of parties

SEVENTH DEFENSE
(Good Faith)

With respect to each and every purported cause of action in Plaintiff's complaint, the acts of Bayer were at all times done in good faith and without malice

EIGHTH DEFENSE
(Conformity with Medical Knowledge)

With respect to each and every purported cause of action in Plaintiff's complaint, Bayer alleges that its methods, standards, and techniques in the preparation of the medicine(s) which are the subject matter of this action were and are in conformity with the generally recognized state of the medical knowledge, common and accepted procedure in the medical field, and state of the art at the time of their preparation.

NINTH DEFENSE
(Conformity with Applicable Law)

With respect to each of Plaintiff's claims, *Alka-Seltzer Plus Cold Effervescent* medicine was prepared by Bayer and provided by Bayer, including its labels and packaging, pursuant to the approval of the appropriate federal agencies and applicable statutes and regulations, approval of preparation of said medicine was obtained in compliance with all requirements pertaining to the preparation and/or distribution of such medicine and was accomplished pursuant to acceptable standards of conduct

TENTH DEFENSE
(Compliance With Duty to Warn)

To the extent there were any risks associated with the use of the medicine(s) which are the subject matter of this action which Bayer knew or should have known and which gave rise to a duty to warn, Bayer at all times discharged such duty through appropriate and adequate warnings in accordance with federal statutes and regulations and with the existing state of medical and scientific knowledge.

ELEVENTH DEFENSE
(Compliance with Applicable Regulations)

At all times relevant herein, any medicine(s) which are the subject matter of this action processed and distributed by Bayer in the State of Minnesota or in the United States were processed and distributed in a reasonable and prudent manner based upon available medical and scientific knowledge and further were processed and distributed in accordance with and pursuant to all applicable regulations of the federal Food and Drug Administration

TWELFTH DEFENSE
(Public Benefit)

The public interest and benefit in the availability of such medicine(s) which are the subject matter of this action precludes liability for any risks, if any, resulting from such activities, which were unavoidable given the state of human knowledge at the time those activities were undertaken. With respect to Plaintiff's claims, if it is determined that there is a risk inherent in any of the medicine(s) which are the subject matter of this action, then such risk, if any, is outweighed by the benefits of the medicine(s).

THIRTEENTH DEFENSE
(Protected Speech)

Bayer's advertisements and labeling with respect to the medicine(s) which are the subject matter of this action were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States and Minnesota Constitutions.

FOURTEENTH DEFENSE
(No Misrepresentation)

Bayer denies any misrepresentation and/or fraud on its part, and/or reliance by Plaintiff and detriment to Plaintiff allegedly resulting therefrom.

FIFTEENTH DEFENSE
(Fair and Truthful Conduct)

The conduct and activities of Bayer with respect to the medicine(s) which are the subject matter of this action were fair and truthful based upon the state of knowledge existing at the relevant time alleged in the Plaintiff's complaint

SIXTEENTH DEFENSE
(Puffery Not Actionable)

To the extent Plaintiff's claims and allegations relate to mere puffery that is not misleading to a reasonable person, such claims are not actionable

SEVENTEENTH DEFENSE
(Violation of Constitutional Rights)

To the extent that Plaintiff's claims are based on a theory providing for liability without proof of causation, the claims violate Bayer's rights under the United States Constitution and Article I, § 7, of the Minnesota Constitution, and Plaintiff's claims are barred by the due process provision of the Fifth and Fourteenth Amendments to the United States Constitution and similar sections of the Minnesota Constitution on the ground that Bayer will not be accorded protection against multiple suits and duplicative liability and to the extent that there has been a denial of equal protection.

EIGHTEENTH DEFENSE
(Unclean Hands)

With respect to each and every purported cause of action, Plaintiff's claims are barred by the doctrine of unclean hands.

NINETEENTH DEFENSE
(Waiver and Estoppel)

With respect to each and every purported cause of action, Plaintiff's claims are barred by the doctrine of waiver and estoppel

<u>TWENTIETH DEFENSE</u>
(Laches)

Each and every cause of action asserted in the Plaintiff's complaint is barred by the doctrine of laches.

<u>TWENTY-FIRST DEFENSE</u>
(Lack of Causation)

Bayer asserts that its conduct did not cause, proximately cause, solely cause, or solely proximately cause the injuries and/or damages claimed by Plaintiff, if any

<u>TWENTY-SECOND DEFENSE</u>
(Intervening/Superseding Cause)

The injuries and/or damages claimed by Plaintiff, if any, resulted from an intervening and superseding cause or causes and any action on the part of Bayer was not the proximate or competent producing cause of Plaintiff's alleged injuries and/or damages, if any

<u>TWENTY-THIRD DEFENSE</u>
(Unavoidable Circumstances)

The alleged injuries and/or damages of the Plaintiff, if any, were the result of unavoidable circumstances which could not have been prevented by anyone.

<u>TWENTY-FOURTH DEFENSE</u>
(No Negligence)

Bayer denies that it is liable for actionable negligence and denies that Plaintiff was injured thereby.

<u>TWENTY-FIFTH DEFENSE</u>
(Compensatory and General Damages Not Proper)

With respect to each and every cause of action, Plaintiff is not entitled to compensatory or general damages.

TWENTY-SIXTH DEFENSE
(Punitive and Exemplary Damages Not Proper)

With respect to each and every cause of action, Plaintiff is not entitled to punitive or exemplary damages. With regard to Plaintiff's claims for punitive damages, Bayer raises the following defenses, some of which are asserted in the alternative:

(a) Under no circumstances may Bayer be held derivatively liable for an award of punitive damages,

(b) Plaintiff has no basis in fact or law to assert a claim for punitive damages against Bayer,

(c) Pursuant to Minn Stat § 549.20, Subd. 1(a), Plaintiff must satisfy their burden of proof as to punitive damages by clear and convincing evidence;

(d) No act or omission by Bayer, if any, was done with deliberate disregard for the rights or safety of others. An award of punitive damages is therefore barred by Minn. Stat. § 549.20, Subd. 1(a).

Punitive damages in this case are prohibited by at least the following provisions of the United States and Minnesota Constitutions:

(a) The Due Process Clauses (including substantive and procedural) of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §7, of the Minnesota Constitution;

(b) The Takings Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 7, of the Minnesota Constitution;

(c) The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and the Rights and Privileges Clause of Article I of the Minnesota Constitution;

(d) The Eighth Amendment to the United States Constitution and Article I, § 5, of the Minnesota Constitution; which prohibit among other things, excessive fines;

(e) The Fifth and Sixth Amendments to the United States Constitution and Article I of the Minnesota Constitution which give certain rights to one accused;

(f) Article I, § 8 of the United States Constitution which prohibits an impermissible burden on interstate commerce Plaintiff's plea for punitive damages represents such a burden,

(g) The Supremacy Clause embodied in Article I, Section 10, Clause 1 of the United States Constitution,

(h) The Separation of Powers doctrine embodied in Article VI of the United States Constitution and Article III of the Minnesota Constitution;

(i) The Sixth Amendment of the United States Constitution and Article I, § 6, of the Minnesota Constitution Under these provisions, Plaintiff's claims are void for vagueness since Bayer is not informed of the nature and cause of the accusation against it;

(j) The right to contract embodied in Article I, Section 10 of the United States Constitution, and

(k) The right not to be exposed to double jeopardy embodied in the Fifth Amendment of the United States Constitution and Article I, § 7, of the Minnesota Constitution.

Bayer asserts that Plaintiff's claim for punitive damages is governed and limited by Minn. Stat § 549.20, Subd. 1(a), and Bayer hereby pleads and invokes the provisions of same