JUDGE BARBARA JACOBS ROTHSTEIN

FILED ENTERED
LODGED RECEIVED
NOV 14 2001 DJ
AT SEATTLE
CLERK U S DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

MD 01 01407 #00000013

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION<br><br>This document relates to all actions | MDL No. 1407 |

**MEMORANDUM IN SUPPORT OF PROPOSED LANGUAGE ORDERED BY THE COURT IN ITS NOVEMBER 1, 2001 "ORDER RE: INITIAL CONFERENCE"**

## I. INTRODUCTION

On August 28, 2001, the Judicial Panel on Multidistrict Litigation ("JPML") ordered the transfer of all individual, consumer class action and other cases arising out of the sale or use of over-the-counter ("OTC") cold/cough and diet pill products containing the active ingredient,



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

ORIGINAL

phenylpropanolamine ("PPA") for pre-trial consolidation and coordination before this Court (Rothstein, J )

By Order dated November 1, 2001, this Honorable Court (Rothstein, J.) ordered that, *inter alia*, counsel for each side coordinate and cooperate in drafting proposed language defining the role and establishing the responsibilities, compensation procedures, and selection criteria for Lead Counsel, Administrative Liaison Counsel, Steering Committees and any other role that the parties agree the Court should consider

In order to comply with this Court's order, all plaintiff attorneys with cases transferred to this Court were invited to attend and participate in an organization meeting held on Monday, November 12, 2001 Approximately sixty (60) plaintiff lawyers appeared, all with PPA cases filed or to be filed in Federal Court

At that meeting, the proposed language requested by this Court, contained in this memorandum, and the leadership structure recited herein and contained in the proposed *Case Management Order No 1, Establishment of Plaintiffs' Lead and Liaison Counsel and Plaintiffs' Steering Committee*, attached hereto as **Exhibit A**, was approved unanimously by those in attendance [1] Subsequently, we were informed that Daniel Becnel of Louisiana has withdrawn his support of the language proposed herein [2]

## II. DISCUSSION

---

[1] Premised upon the inclusion of the language in Item V of the attached proposed CMO

[2] Further, discussions regarding proposed members of the plaintiffs' bar to fill the plaintiff leadership roles in MDL no 1407 were also held at the organization meeting The results of those discussions are contained in the *Joint Submission of Various Counsel for Appointment as Lead Counsel, as Liaison Counsel, and to Plaintiffs' Management/Steering Committee*, filed simultaneously herewith



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104 1845
(206) 624-8844
fax (206) 624 2912

**A. Plaintiffs' Organizational Structure In Multi-District Litigation**

*The Manual for Complex Litigation, Third* (the "*Manual*") provides a wealth of assistance in the conduct of complex litigation, for both the Court and counsel, in the hope of achieving the purposes of Rule 1 of the Federal Rules of Civil Procedure. *Manual For Complex Litigation (Third)*, § 10 1 (2000)

According to the Manual, complex litigation places great demands on counsel in connection with fulfilling their dual roles as advocates and officers of the Court These additional demands are the result of the complexity of legal and factual issues, the amounts of money or importance of the interests at stake, the length and complexity of the proceedings, the difficulties of having to communicate and establish effective working relationships with numerous attorneys, and the complexities of having to act as designated representatives of parties who are not their clients *Id* § 20.21

With regard to Multi-District Litigation in particular, several factors may complicate efforts to coordinate the attorneys' activities through appointment of attorneys to positions of responsibility and authority Perhaps most significantly, attorneys representing the plaintiffs may be unaccustomed to working as part of a litigation team, and bring highly individualistic styles and approaches toward discovery and trial *Id* § 33 24 Those same factors, however, also increase the need for coordination among attorneys and for judicial involvement in organizing counsel for efficient conduct of the litigation *Id*



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104 1845
(206) 624-8844
fax (206) 624-2912

**B. Proposed Organizational Structure In This Multi-District Litigation**

On behalf of the plaintiffs' attorneys who have contributed to and agree with this submission -- whose collective experience as leaders in MDLs involving pharmaceutical torts is unmatched -- we submit that the larger and more cumbersome the plaintiffs' leadership body and committee structure, the larger the potential costs, assessments and fees Multiple committees, with multiple members, lead to inefficiencies, confusion and expense Instead, the Court, with the aid of counsel, should seek to design a structure which promotes efficiencies, utilizes the talents of plaintiffs' attorneys who meet the selection criteria set forth below, and which is designed to address the legal and factual complexities common to the cases making up the MDL In order to avoid unnecessarily high costs, assessments and fees, the most effective, efficient and economical model is that of Co-Lead Counsel (two persons/firms), Liaison Counsel (one person/firm) and a Plaintiffs' Management/Steering Committee (of 10-15 persons/firms). It is further recommended that Discovery and Science subcommittees be authorized and defined [3] This very model has been successfully utilized in many of the more recent MDLs *In re MGM Grand Hotel Fire Litigation*, MDL no 454 (D Nev ), *In re San Juan Dupont Plaza Hotel Fire Litigation*, MDL no 721 (D Puerto Rico), *In re Silicone Gel Breast Implant Products Liability Litigation*, MDL no 926 (N D Ala ); *In re Orthopedic Bone Screw Products Liability Litigation*, MDL no 1014 (E D. Pa.), *In re Telectronics Pacing Systems*, MDL no 1057 (S.D Ohio); *In re Diet Drug Product Liability Litigation*, MDL no. 1203 (E D Pa ), *In re Propulsid Product Liability Litigation*, MDL no 1355 (E D La.); *In re Rezulin Product Liability Litigation*, MDL no 1348 (S D N.Y )



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104 1845
(206) 624 8844
fax (206) 624-2912

The roles of the proposed PPA plaintiffs' management and committee structure are defined below. As the Court will see under this model, there should be no need for additional subcommittees at this juncture, but if a need arises, the Lead Counsel would so advise the Court, recommend counsel and seek their appointment by the Court.

### 1. Co-Lead Counsel

The undersigned generally adopt the *Manual*'s description of Lead Counsel. That is, Lead Counsel should be charged with major responsibility for formulating (after consultation with the Steering Committee) and presenting positions on substantive and procedural issues during the litigation. Lead Counsel should (a) act for all plaintiffs in presenting written and oral arguments and suggestions to the Court, (b) work with opposing counsel in developing and implementing a litigation plan, (c) initiate, organize and conduct discovery through a subcommittee, (d) arrange for support services, and (e) see that schedules are met and that the litigation proceeds as efficiently and effectively as possible Where appropriate, duties should be delegated to one or more members of the Management/Steering Committee and/or to other plaintiff attorneys expressly authorized by Lead Counsel to perform "common benefit" work for the MDL such as discovery and briefing. *See Manual for Complex Litigation (third)*, § 20 221

### 2. Liaison Counsel

Similarly, the *Manual's* description of Liaison Counsel offers excellent guidance in defining the role of Liaison Counsel Charged essentially with administrative matters, Plaintiffs'

[3] As indicated *infra*, it is also recommended that Co-Lead Counsel, after solicitation of interest and consultation with the Plaintiffs' Management/Steering Committee, propose for approval by the Court those counsel best suited to serve on those sub-committees



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

Liaison Counsel will act as the administrative liaison between Lead Counsel, the Court and all plaintiffs' counsel, and should be tasked with (a) communications between the Court and other counsel, (b) receiving and distributing notices, orders, motions and briefs on behalf of Lead Counsel and Plaintiffs' Management Committee; (c) convening meetings of counsel, (d) advising parties of developments in the litigation; and (d) otherwise assisting in the coordination of activities and positions. While the *Manual* suggests that Liaison Counsel may manage the document depository, it is the undersigned's collective experience that a member of the Discovery Subcommittee will be in a better position to perform that role To the extent possible, ample use of technology should be employed by Liaison Counsel to fulfill their role, including the use of websites, electronic mail, electronic databases and the like *Id*

**3. Management/Steering Committee**

Traditionally, a Plaintiffs' Management/Steering Committee serves two roles· it acts on behalf of the Lead Counsel in whatever capacities or in connection with any tasks delegated to it, and also serves as a body with whom Lead Counsel consults for guidance and/or advice in connection with the management of the litigation Included among those tasks are the following

- Overseeing Discovery
- Motion and Brief writing and argument
- Court appearances
- Pretrial Preparation



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104 1845
(206) 624-8844
fax (206) 624-2912

- Coordination/Communication with State Proceedings

- Communications with plaintiff lawyers

- Settlement

- Class Certification

- Provide Lead Counsel with management and strategic consultation and advice.

Experience has proven it critical that members of the Management/Steering Committee and Lead Counsel must work well together Care must be taken to avoid the potential of extending any history of difficulty in personal and professional relationships between members, and between members and Lead Counsel, in order to promote both efficiencies and unanimity

The Management/Steering Committee should also recommend for appointment a Discovery Subcommittee and, if the circumstances warrant, a Science/Expert Subcommittee, as described below.

**a. Discovery Subcommittee**

The Discovery Subcommittee is generally assigned the task of developing the generic liability portion of the Multi-District Litigation, including but not limited to the following tasks

- Initiate a discovery strategy for the litigation, both general and specific to each defendant

- Conduct written discovery as to each defendant as appropriate, as well as third parties



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE SUITE 1800
SEATTLE WA 98104-1845
(206) 624 8844
fax (206) 624-2912

- Organize and maintain a document depository for all documents produced by defendants
- Review all documents produced by defendants
- Compile a culled, computerized set of documents for use at deposition and, eventually, trial as to each defendant
- Conduct depositions of all appropriate defendant employees and third parties
- Prosecute defendant privilege log and other discovery issues
- Prepare trial packages for MDL plaintiffs for use upon remand
- Recommend delegation of certain discovery to other plaintiff attorneys if the circumstances so warrant.

**b. Science/Expert Subcommittee**

If appropriate, the Science/Expert Subcommittee is assigned the task of developing the generic science portion of the Multi-District Litigation, including but not limited to the following tasks

- Retaining "generic" expert(s) for use by all MDL plaintiffs
- Developing "generic" expert disclosures
- Defending the generic expert(s) at deposition
- Conducting depositions of the generic experts identified by defendants
- Preparing for and conducting *Daubert* challenges/defenses

It is the collective belief of all who have reviewed and approved this submission that the need for a Science/Expert Subcommittee is case-dependent While some of the more recent MDLs have



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

included a Science/Expert Subcommittee, and have retained many generic experts for each MDL, historically this has not been the case Indeed, most pharmaceutical MDLs have not provided generic experts for MDL plaintiffs, leaving this aspect of the litigation to individual plaintiffs upon remand. If generic experts are warranted in MDL 1407, then the members of a Science/Expert Subcommittee should be proposed and approved as described above

**C. Compensation Procedures**

According to the *Manual* at § 20.223, "[e]xpenses incurred and fees earned by designated counsel acting in that capacity should not be borne by their clients, but rather shared equitably by all benefiting from their services" This Court has the authority to order reimbursement and compensation and the obligation to ensure that the amounts are reasonable. *See, e g*, *In re Diet Drug Product Liability Litigation*, MDL no 1203 (E D Pa ) (9% assessment per PTO no. 467); *In re Orthopedic Bone Screw Product Liability Litigation*, MDL no 1014 (E.D. Pa.) (5% assessment per PTO no 402), and *In re Silicone Gel Breast Implants Product Liability Litigation*, MDL no 926 (N.D Ala.) (5% assessment per PTO no 13)

It is our belief that counsel designated by the Court should render services as economically as possible under the circumstances, avoiding unnecessary activity and limiting the number of persons working on tasks, whether court appearances, briefs, depositions, or otherwise, subject only to the requirement that the best available professional skills be applied to obtain the best possible result on behalf of all plaintiffs

The terms and procedures for compensation should be established early on in the management of an MDL proceeding, before substantial services are rendered *Manual For*



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE SUITE 1800
SEATTLE WA 98104-1845
(206) 624-8844
fax (206) 624-2912

*Complex* Litigation, at §20.223, *Gunter v Ridgewood Energy Corp*, 223 F 3d 190, 200 (3rd Cir 2000) (fee guidelines and ground rules should be set "early on in the litigation"); *In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F 3d 220, 230-233 (1st Cir 1997) However, we respectfully submit that the issue of compensation procedure has not ripened as of the time of this initial conference In order to make an informed judgment about the need, terms and reasonable amount of compensation for designated counsel, an accurate assessment should first be made of such things as: (a) the volume of MDL cases, (b) the nature, if any, of coordination between and state and MDL litigation, and (c) the consensus attitude of plaintiff attorneys in this litigation toward utilization of an assessment to facilitate and underwrite the common benefit work to be conducted by the designated counsel Moreover, the case law appears to require a hearing to afford those affected by the assessment with an opportunity to be heard. *See In re Nineteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig*, 982 F.2d 603 (1st Cir 1992)

D **Selection Criteria**

We generally concur with the discussion in the *Manual*, at § 20 224, concerning selection criteria for designated counsel, summarized as follows

- The Court should take the time necessary to make an assessment of the qualifications, functions, organization and compensation of designated counsel
- The Court should also ensure that designated counsel fairly represent the various interests and claims being pursued in the existing cases within the litigation
- Where a class action is involved, as here, the Court should ensure that the designated counsel will possess all of the qualifications that Rule 23 requires respecting adequacy and experience of counsel



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624 8844
fax (206) 624 2912

- Most importantly, attorneys should not be appointed or approved by the Court to serve as designated counsel or committee members unless they have the resources, the commitment, and the qualifications to accomplish the assigned tasks They should be able to command the respect of their colleagues and work cooperatively with opposing counsel and the Court

- In order to help insure that the most qualified serve in positions of responsibility and leadership, the Court should assess prior experience in similar roles in other similar litigation. Such experience is often useful and beneficial, assuming that past performance in similar roles has demonstrated that the attorney is both substantively outstanding and an effective participant in the leadership of similar litigation. There is no room for individuals who do not command the respect and support of substantial numbers of plaintiffs counsel.

## III. CONCLUSION

We respectfully suggest that the Court adopt the proposed language attached hereto, defining the role and establishing the responsibilities, compensation procedures and selection criteria for Lead Counsel, Liaison Counsel and a Plaintiffs' Steering Committee, as well as a procedure for appointment of subcommittees.

Respectfully submitted,

**On behalf of all but one attendee at the Plaintiffs' Organizational Meeting, with their express approval**

Levinson Friedman, P.S

Lance E. Palmer, Esq
WSBA #18141



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624 2912

Cohen, Milstein, Hausfeld, & Toll P.L L.C

Richard S. Lewis, Esq
D C #414261



LEVINSON FRIEDMAN, P S
PACIFIC BUILDING
720 THIRD AVENUE SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912