THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions | MDL Docket No. 1407<br><br>PLAINTIFFS' MASTER FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiffs respectfully request that Defendant produce the following documents and tangible things for inspection and copying at the office of liaison counsel for plaintiffs within thirty (30) days of service of these requests, or at such other time as ordered by the Court.

**INSTRUCTIONS**

(a) Each Request set forth herein refers to documents in the custody, control, and possession of Defendant or known to Defendant, as well as in the custody, control, and possession of or known to Defendant's counsel, representatives, agents, servants,



B

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

investigators, and consultants, and unless otherwise privileged, their counsel, employees, representatives, agents, servants, investigators and consultants.

(b) With respect to any of the requested documents, if any such document is unavailable, because it was lost or destroyed by Defendant or its agents, or for any other reason, after fully identifying the document, state when and where it was destroyed or is otherwise unavailable, the name and address of the person who destroyed it, the name and address of the person(s) who directed, approved, or knew of its destruction, and the name and address of the person(s) who has knowledge of such document.

(c) If there is a claim of privilege with respect to any document requested, please identify every such document in the response, and include in the identification a description of the document, the date of the document, the names of the addressees and addressors, the identity and address of every person to whom a copy was given or communicated, the general subject matter of the document, a statement of the facts constituting the basis for any claim of privilege, and the specific basis on which the privilege is claimed.

(d) If you cannot produce documents for any other reason, respond to the extent possible, stating your reasons for your inability to respond in full.

(e) The documents produced responsive to these Requests should be numbered or stamped in such a fashion as to identify the individual custodian from whose files the documents were produced. Alternatively, Defendant may, contemporaneously with the production of documents responsive to these Requests,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

provide a list identifying which particular documents were produced from particular individuals' files.

(f) These Requests shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary production when Defendant obtains access, custody, possession or control of any document not previously produced, which is responsive to any of these Requests.

(g) The headings used herein are for guidance and clarity only and should not be deemed to restrict or broaden any request.

## DEFINITIONS

(a) "PPA" means phenylpropanolamine and "PPA Products" means any products phenylpropanolamine.

(b) "FDA" means the United States Food & Drug Administration, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

(c) "Foreign Government Regulatory Authority" means any agency, committee, subcommittee or advisory committee of any government other than the United States of America, which bears responsibility or exercises authority over the manufacture, distribution, labeling, sale and/or marketing of pharmaceutical products in any jurisdiction, and any employee or agent acting as a representative thereof.

(d) "Defendant", "You" and "Your" refers to every corporation or other person or entity upon whom plaintiffs serve this set of discovery requests, and also includes



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

every predecessor in interest of each such company, its successor(s) in interest, and every company affiliated with each such company by common ownership or control.

(e) As used throughout this Request for Production of Documents, the term "document" or any similar term is used in its broadest possible sense and shall include, but not be limited to any original, reproduction or copy, and non-identical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications.

## DOCUMENT REQUESTS

A. CORPORATE DATA

1. Produce:

a. Each and every general liability, comprehensive general liability, advertising liability or product liability insurance policy (and any other insurance policy which you believe may provide coverage for the personal injury claims asserted in this litigation that you purchased or on which you are a named insured (including policies purchased by related corporate entities), including all excess layers, for the years 1990 through 2000 inclusive;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

b. Any charts or schedules of layers of insurance or self-insured retention for any of the respective years of coverage; and

c. Any documents relating or referring to any disputes or reservations of rights as to coverage.

2. Produce all documents relating, referring to or embodying any indemnity agreements, agreements to assume liability, agreements to assume the defense and joint defense agreements made by Defendant, insurers for Defendant, or any other entities that may be financially affected by any of the claims asserted in this litigation.

3. Produce all documents relating, referring to or embodying all licenses, contracts, royalty arrangements or other agreements made by Defendant and any other entity related to the transfer of responsibility for the sale, marketing, manufacturing , testing or compliance with FDA regulations for any of your PPA Products.

4. Produce:

a. All documents reflecting your year end financial statements for the years 1990- 2000;

b. Quarterly reports for the current fiscal year [this includes 10-Ks and 10-Qs for publicly traded companies]; and

c. All of your filings with the National Association of Securities Dealers for the years 1990-2000.

5. Produce your annual reports for the years 1990-2000.

6. Produce all of your document retention or document destruction policies in effect for the years 1990-2000 and all documents which discuss or refer thereto.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

7. Produce Defendant's articles of incorporation, by-laws, and any amendments thereto.

8. For each year between 1990-2000 in which defendant designed, tested, manufactured, sold, marketed, licensed or distributed a PPA Product, produce all documents relating, referring to or embodying:

a. General corporate organizational charts;

b. Sales department organizational charts;

c. Marketing department organizational charts;

d. Research and development department organizational charts; and

e. Medical department organizational charts

9. Produce any documents reflecting:

a. All corporate officers for the last five years;

b. All members of the Board of Directors for the last five years;

c. All persons or entities which owned 5% or more of Defendant's common stock for the last five years; and

d. Annual organization charts for any entity which owned more than 5% of Defendant's common stock during the last five years.

10. As to any entity with which you are affiliated through common ownership and control that is involved in the manufacture, testing, marketing, licensing, sale or distribution of a PPA Product, produce all documents which describe in any way the responsibilities that each such entity has in regard to any PPA Product.

11. Produce all indices, including but not limited to computer print-outs, listing the name, case caption, attorney and/or status of any lawsuit filed against Defendant



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

regarding any PPA Product, including cases which have been dismissed, settled, withdrawn or tried to verdict and produce documents reflecting the plaintiffs' attorneys' address, fax and telephone numbers.

12. Produce all documents relating, referring to or embodying minutes of all Board of Directors meetings which in any way refer to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

13. Produce any documents relating, referring to or embodying notice of claims, claims projections, loss estimates or risk management related to PPA Products.

14. Produce all documents relating, referring to or embodying any correspondence, communications, contracts or other discussions of any kind between Defendant, its agents or any party acting on Defendant's behalf, and any other drug company concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

15. Produce all documents relating, referring to or embodying any codes of conduct or ethical standards promulgated, adopted or followed by Defendant between 1990-2000 with respect to the marketing or labeling of drug products.

16. Produce all documents relating, referring to or embodying any codes of conduct or ethical standards with respect to the marketing or labeling of drug products that were promulgated or adopted by any trade organization of which Defendant was a member between 1990-2000.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

B. FDA AND GOVERNMENT REGULATORY DOCUMENTS

17. Produce all documents relating, referring to or embodying communications between Defendant or any agent or consultant of Defendant, and the FDA, regarding the , vasculitis, vasospasm or hypertension with the use of any PPA Product.

18. Produce all documents concerning any internal FDA meetings, FDA Advisory Panel meetings, meetings between FDA and any manufacturers of PPA Products and meetings between FDA and any trade organization regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product, including but not limited to:

a. All documents relating or referring to any communications between Defendant (or any agent or consultant of Defendant), and the FDA or any Advisory Panel Member regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product;

b. All documents relating or referring to any financial contributions or other items of value provided to Panel Members or their institutions/ organizations; and

c. All documents relating, referring to or embodying minutes of meetings, agendas, dossiers, submissions, test summaries, internal memoranda regarding strategies and issues, Questions and Answers, scheduling, or any other documents concerning such meetings, the submissions thereto, or the topic(s) discussed.

19. Produce:



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

a. Complete files for all adverse reaction reports concerning the occurrence of stroke with the use of any PPA Product in the United States.

b. All summaries (including but not limited to computerized data), analysis or interpretations of any such adverse reaction report(s); and

c. All documents which discuss or refer to any adverse reaction report, or any summary, analysis or interpretation thereof.

20. Produce:

a. All documents relating or referring to adverse drug reactions or alleged adverse drug reactions concerning reports of stroke with the use of any PPA Product which occurred in any country other than the United States;

b. All documents relating or referring to or embodying summaries, computerized data, analysis, or interpretation of said reports;

c. All documents relating, referring or embodying the submission of said reports to any government regulatory authority, whether FDA or foreign;

d. All documents relating or referring to the failure to submit such reports to any government regulatory authority, whether FDA or foreign; and

e. Produce all documents which relate, refer to or embody any such incidents or reports.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

21. Produce all documents relating, referring to or embodying any communication with or submissions to the FDA or any foreign government regulatory authorities regarding the regulation, approval, safety or testing of any PPA Product in connection with the risk or occurrence of stroke, vasculitis, vasospasm or hypertension.

22. Produce all documents relating, referring to or embodying any communication with or submissions to the FDA or any foreign government regulatory authority regarding the recall of any PPA Product or the removal of PPA from the product due to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension.

23. Produce:

a. All documents relating, referring to embodying any communications between Defendant and any physician, pharmacist or other health care provider regarding any PPA Product, including but not limited to all documents, including drafts, of any Dear Doctor or Dear Pharmacist letters concerning any PPA Product; and

b. All documents relating, referring to or embodying any communications with the FDA or any foreign government regulatory authority regarding the content or approval of such communications.

24. Produce all documents relating, referring to or embodying any information received by Defendant from any physician in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

25. Produce all documents relating, referring to or embodying any discussions, negotiations or contracts to engage any third party to represent Defendant's interests before the FDA or any foreign government regulatory authority, or



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

any Committee or subcommittee thereof, in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product, including but not limited to retainer agreements or consultant agreements.

26. Produce all documents relating, referring to or embodying any discussion or submission between Defendant and any state government regulatory agency or any state medical society concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

C. PRODUCT TESTING

27. Produce all documents relating, referring to or embodying any pre-clinical studies or testing of any PPA Product to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of PPA, including but not limited to test protocols, data compilations, laboratory notebooks, summaries of results, drafts of reports, interim reports, final reports, published articles, financial renumeration, engagement of consultants/investigators, internal memoranda and submissions of data to the FDA or any Foreign Government Regulatory Authorities.

28. Produce all documents relating, referring to or embodying any clinical studies or testing to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product, including but not limited to test protocols, data compilations, laboratory notebooks, summaries of results, drafts of reports, interim reports, final reports, published articles, financial renumeration, engagement of investigators, internal memoranda and submissions of data to the FDA or any Foreign Government Regulatory Authorities.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

29. Produce all documents relating, referring to or embodying any epidemiology studies assessing the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with any PPA Product, including but not limited to test protocols, data compilations, summaries of results, drafts of reports, interim reports, final reports, published articles, financial renumeration, engagement of investigators, internal memoranda and submissions of data to the FDA or any Foreign Government Regulatory Authorities.

30. Produce all documents concerning any receipt, discussion, studies, analysis or review of clinical experience reports for any PPA Product to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of PPA, including but not limited to formally submitted adverse reaction reports, communications (whether written or oral) concerning case reports, published clinical experience reports, or any other such report made known to Defendant.

31. Produce all documents:

a. Relating, referring to or embodying studies assessing the risk or occurrence of stroke with any PPA Product conducted by any third parties, including but not limited to those funded by trade groups or associations;

b. Relating, referring to or embodying Defendant's review, analysis, investigation or interpretation of said results; and

c. Relating, referring to or embodying any attempts by Defendant to submit said data to the FDA or any Foreign Government Regulatory Authority.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

32. Produce all documents relating, referring to or embodying any financial support by Defendant to any other person or entity conducting any study or analysis of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

33. Produce all documents relating, referring to or embodying any decision on the part of Defendant not to provide any financial support for any studies or analyses of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

34. Produce all documents relating, referring to or embodying any testing of any PPA Product to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension which defendant did not complete, did not publish, or did not submit to the FDA or any Foreign Government Regulatory Authority.

35. As to any clinical, animal or other study currently sponsored by, financed by, undertaken by, or suggested by Defendant to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with any PPA Product, provide all documents concerning said study, including but not limited to engagement letters, contracts, protocols, status reports, raw data, summary of findings, internal memorandum, drafts of reports, interim reports, final reports, manuscripts, submissions to publishers, submissions to FDA or any Foreign Government Regulatory Authority, or discussions, communications or analysis of the current or final results.

36. Produce:

a. All documents relating, referring to or embodying a bibliography of articles or reports concerning the risk or occurrence of stroke, vasculitis,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

vasospasm or hypertension with any PPA Product, including but not limited to monographs, presentations, letters to the editor, abstracts, and any other published reports; and

b. Copies of each such article or report in Defendant's possession.

37. Produce all documents relating, referring to or embodying any unpublished reports, speeches, data compilations, clinical observations or other communications concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with any PPA Product.

38. Produce all documents relating, referring to or embodying any laboratory testing and/or studies regarding the pharmacology, pharmacokinetics and/or biochemical properties of any PPA Product that were undertaken to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of such product.

39. Produce all documents relating, referring to or embodying any communications by Defendant with any publisher, editor, author, reporter or employee of or for any lay, scientific, medical or news publication or any free lance writer concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with any PPA Product.

40. Produce all documents relating, referring to or embodying any efforts by Defendant to study, monitor or test for the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of a PPA Product, either alone or in combination with any other drug.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

41. Produce all documents that relate, refer to or embody any communication, report or inquiry between Defendant and the Centers or Disease Control in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

42. Produce all documents that relate, refer to or embody any communication, report or inquiry between Defendant and the National Institutes of Health in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

43. Produce all documents that relate, refer to or embody any communication, report or inquiry between Defendant and the World Health Organization in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

44. Produce all documents that relate, refer to or embody any communication, report or inquiry between Defendant and the Drug Enforcement Agency (DEA) in regard to the risk or occurrence stroke with the use of any PPA Product.

D. PRODUCT RECALL

45. Produce all documents relating, referring to or embodying any communications with the FDA or any foreign government regulatory authority regarding any discussion or suggestion that Defendant eliminate PPA from any of its products or withdraw any PPA Product from the market.

46. Produce all documents relating or referring to any discussion, suggestion or study of whether PPA should be removed from any products or whether any PPA Product should be withdrawn temporarily or permanently from the market, including but



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

not limited to internal memorandum, notes of conversations, communications with the FDA or any Foreign Government Regulatory Authority, and communications with other manufacturers, licensors, licensees, distributors, or marketers.

47. Produce all documents regarding any discussion, suggestion or study of whether any current or pending, approved or unapproved NDA, ANDA, or IND for any PPA Product should be withdrawn or suspended temporarily or permanently due to safety concerns, including but not limited to internal memorandum, notes of conversations, communications with the FDA or other Foreign Government Regulatory Authority, and communications with other manufacturers, licensors, licensees, distributors, or marketers.

48. Produce all documents, (including but not limited to drafts) concerning recall notices, dear doctor letters, letters to physicians, pharmacists or other health care providers, newspaper or other print advertisements, press releases, questions and answers or other public statements regarding the recall of any PPA Product or the removal of PPA from any product.

49. Produce all documents relating, referring to or embodying the hiring or retention by Defendant or by any other person or entity acting on Defendant's behalf, of any public relations firm or any law firm specializing in drug regulatory practices to participate in, orchestrate, organize or otherwise direct the recall effort for any Related Products and produce all documents regarding said engagement, including but not limited to questions and answers, talk papers, scripts for telephone calls, creation of special advisory or consulting boards, gestures to demonstrate concern for victims,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

donations to causes important to victims, retention of scientific or medical researchers, advisors or experts and other such public relations strategies.

50. Produce all documents relating, referring to or embodying the retention of persons in any medical discipline to study, assess or analyze the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product by or on behalf of Defendant, whether retained directly by Defendant or otherwise.

51. Produce all documents relating, referring to or embodying any analysis of the actual or anticipated impact of the reformulation of any of your PPA products to remove PPA from the product on:

a. The cost of producing such reformulated product;

b. The market share of such reformulated product;

c. The dollar sales of such reformulated product; and

d. Consumer preference or satisfaction with such reformulated product.

E. LABELING

52. Produce all documents relating, referring to or embodying any labeling, including drafts and revisions thereto, ever generated for each PPA Product tested, licensed, manufactured, marketed or distributed by Defendant.

53. As to each change in the PPA Product labeling, produce all documents relating, referring to or embodying said label change.

54. Produce all documents relating, referring to or embodying communications by Defendant or other materials distributed by Defendant to physicians, pharmacists or consumers regarding any change in the labeling or recommendations for use of any PPA Product, including but not limited to Dear Doctor letters.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

55. Produce all documents relating, referring to or embodying any communications with the FDA or any Foreign Government Regulatory Authority regarding changes in the label or recommendations for use of any PPA Product.

56. Produce all documents, including but not limited to internal memorandum, minutes of meetings, and draft proposals, regarding any consideration, discussion, decision or attempt to revise any label or recommendations for use of any PPA Product.

57. Produce all documents relating, referring to or embodying information published in any PDR concerning any PPA Product, and produce all documents relating, referring to or embodying revisions, alterations or discussions of PDR data.

58. Produce all documents relating, referring to or embodying materials provided to consumers upon purchase of any PPA Product, such as package inserts, instructions or warnings included within the packaging and produce all documents relating, referring to or embodying drafts of said documents, discussions of said documents or revisions or alterations thereto.

F. MARKETING

59. Produce:

a. An exemplar color copy of each direct consumer advertisement for any PPA Product;

b. All documents relating or referring to the issue of whether a warning about the risk or occurrence of stroke, vasculitis, vasospasm or hypertensions should be mentioned in any such advertisements.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

60. Produce:

a. All documents relating, referring to or embodying any press releases or public relations material for any PPA Product that relate or refer to the risk or occurrence of strokes with the use of such products; and

b. All documents relating, referring to or embodying any drafts, discussions, FDA approvals or revisions of said information.

61. Produce:

a. Exemplars of any videotapes or other visual aids created by Defendant to advertise and promote the use of any PPA Product; and

b. All documents relating or referring to the issue of whether a warning about the risk or occurrence of stroke, vasculitis, vasospasm or hypertensions should be mentioned in any such videotapes or visual aids.

62. Produce all documents relating, referring to or embodying sponsorship, financial support, contribution of product, consultation agreements, or other items of value provided to or for any person studying the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product, either alone or in combination with another drug.

63. Produce all documents relating, referring to or embodying any minutes, agendas, brochures, memoranda or correspondence relating to meetings of any trade group or of any other group or association regarding the risk or occurrence of stroke,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

vasculitis, vasospasm or hypertension with the use of any PPA Product which were attended, supported or sponsored by Defendant.

64. Produce:

a. All documents relating or referring to medical seminars, conferences or lectures conducted, sponsored in whole or in part, or in which defendant or its agents participated, in which the topic of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of a PPA Product was discussed;

b. All documents relating, referring to or embodying any presentations made by or on behalf of Defendant and any materials displayed, relied upon or distributed by Defendant at said conference.

## G. PHYSICIANS AND SCIENTISTS

65. Produce every document relating, referring to or embodying any opinion by a physician, a scientist, or a medical or scientific expert, regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertensions with the use of PPA products, including but not limited to reports prepared in legal proceedings, opinions expressed in depositions or trial, reports submitted to scientific journals, opinions expressed at medical conferences, and opinions provided as testimony, reports or statements to the FDA or any foreign government regulatory authority, or any advisory committee thereof.

66. Produce all documents relating, referring to or embodying any financial payments, contributions or support provided by Defendant to any physician, scientist,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

medical or scientific expert which is the subject of the preceding request, or any institution, agency or entity with which said individual is affiliated.

67. Produce every document relating, referring to or embodying any attempt by Defendant to retain, engage or otherwise provide financial support or item of value to any person engaged in scientific or medical study of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA Product.

H. DOCUMENTS CONCERNING LITIGATION

68. Produce all documents that you were requested to identify in response to Plaintiffs' Interrogatories.

69. Produce all documents from the files of the individuals identified in response to Plaintiffs' Interrogatories that relate or refer to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

70. Produce all documents upon which Defendant relies to support each and every affirmative defense asserted in the Answers filed to the Complaint of Plaintiffs.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

Respectfully Submitted,

*Levinson Friedman, P.S.*

Lance E. Palmer, Esq.
WSBA #18141
**Plaintiffs' Liaison Counsel**

Signed and submitted on behalf of, and approval of, the individuals listed below

Arthur Sherman, Esq.
*Sherman, Salkow, Petoyan & Weber*
11601 Wilshire Blvd, Suite 675
Los Angeles, CA 90025-1742
**Plaintiffs' Co-Lead Counsel**

Richard Lewis, Esq.
*Cohen, Milstein, Hausfield & Toll*
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
**Plaintiffs' Co-Lead Counsel**



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

# Exhibit B

THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions | MDL Docket No. 1407<br><br>PLAINTIFFS' MASTER FIRST SET OF INTERROGATORIES |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, the following Interrogatories are propounded to Defendant, to be answered separately and fully, in writing, and under oath as prescribed by said rules within 30 days, or at such other time as ordered by the Court.

**INSTRUCTIONS**

1. Each Interrogatory set forth herein refers to information in the custody, control, and possession of Defendant or known to Defendant, as well as in the custody, control, and possession of or known to Defendant's counsel, representatives, agents,



A

LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

servants, investigators, and consultants, and their counsel, employees, representatives, agents, servants, investigators and consultants.

2. If there is a claim of privilege with respect to any response, please provide a privilege log that states the nature of the information being withheld, the general subject matter of the withheld information, a statement of the facts constituting the basis for any claim of privilege, and the specific basis on which the privilege is claimed.

3. The term "person" is used in its broadest possible sense and includes a natural person, corporation, firm, association, organization, business, trust, corporation, governmental or other public entity.

4. When asked to identify a person, or if the response involves a person, for each person please state the full name, business title, and the last known home and business addresses and telephone numbers.

5. When asked to identify a communication, or if an answer involves a communication, for each communication please state the parties to the communication, the nature of the communication (e.g. written, oral, recorded), witnesses to the communication, and the substance of the communication.

6. When asked to identify a document, or when an answer involves a document, please state the person who wrote, composed or created the document, the intended recipients, the date originated, the date sent, the date received, all persons having copies of the document, and the subject matter and content. In lieu of identifying a document, a copy of the document can be attached to these responses.

7. For each Interrogatory, identify any persons providing information, and state whether the response is based on the personal knowledge of the person providing the



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

information. If the response is not based on the personal knowledge of the person providing the information, identify the sources (e.g. persons, documents) of that information.

8. If information contrary to that provided in an answer was provided by any person to the person providing the answer, or to your attorneys, identify each person providing conflicting information, state the conflicting information, and state the reasons the conflicting information was not relied upon.

9. For each answer, identify all documents that you believe support your response.

10. These Interrogatories shall be deemed continuing, to the full extent required or permitted under the Federal Rules of Civil Procedure, so as to require supplementary responses as soon as practical after you receive information which renders any of your answers to these Interrogatories incomplete or inaccurate.

**DEFINITIONS**

1. "PPA" means phenylpropanolamine and "PPA product" means any product containing PPA.

2. "FDA" means the United States Food & Drug Administration, any committee, subcommittee or advisory committee thereto, and any person, employee or agent acting as a representative thereof.

3. "Foreign Government Regulatory Authority" means any agency, committee, subcommittee or advisory committee of any government other than the United States of America, which bears responsibility or exercises authority over the manufacture, distribution, labeling, sale and/or marketing of pharmaceutical products or



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

human health in any jurisdiction, and any employee or agent acting as a representative thereof.

4. "Defendant", "You" and "Your" refers to every corporation or other person or entity upon whom plaintiffs serve this set of discovery requests and also includes every predecessor in interest of each such company, its successor(s) in interest, and every company affiliated with each such company by common ownership or control.

5. As used throughout these Interrogatories, the term "document" or any similar term is used in its broadest possible sense and shall include, but not be limited to any original, reproduction or copy, and nonidentical copy (i.e., copy with marginal notes, deletions, etc.) of any kind of written, printed, typed, electronically created or stored, or other graphic matter of any type, documentary material, or drafts thereof, including, but not limited to, any correspondence, memoranda, interoffice or intra-office communications, notes, diaries, journals, calendars, contract documents, publications, calculations, estimates, vouchers, minutes of meetings, invoices, reports, studies, computer tapes, computer disks, computer cards, computer files, e-mails, photographs, negatives, slides, dictation belts, voice tapes, telegrams, notes of telephone conversations and notes of any oral communications.

6. As used throughout these Interrogatories, the term "communication" is intended in its broadest sense and refers to any oral, written, video, photographic, or other means utilized to express an idea, thought, or information from one person to another, or among persons.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

**INTERROGATORIES**

1. State the corporate name of Defendant, any name under which Defendant does business, and the identity and title of all persons who participated in the preparation of these interrogatory responses, excluding counsel.

2. State the division(s), subsidiary or operating unit(s) responsible for the following regarding PPA products:

a. Product design;

b. Pre-clinical testing;

c. Clinical testing;

d. Regulatory approval and compliance;

e. Manufacturing;

f. Marketing;

g. Labeling;

h. Promotion; and

i. Distribution.

3. Identify the individuals with supervisory and/or managerial responsibilities for the following regarding PPA products:

a. Product design;

b. Pre-clinical testing;

c. Clinical testing;

d. Regulatory approval and compliance;

e. Manufacturing;

f. Marketing;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

g. Labeling;

h. Promotion; and

i. Distribution.

4. Identify each PPA product you manufacture or distribute and for each such product, identify the individuals with supervisory and/or managerial responsibilities for:

a. Monitoring adverse reactions;

b. Monitoring the medical literature regarding PPA safety issues;

c. Determining whether the labeling for the product needed to be changed and, if so, implementing any labeling change;

d. Determining whether PPA should be removed from the product and if so, implementing any reformulation of the product;

e. Interacting or communicating with the Consumer Healthcare Products Association ("CHPA") or the Nonprescription Drug Manufacturer's Association ("NDMA") regarding the safety of PPA;

f. Interacting or communicating with other manufacturers of PPA products regarding the safety of PPA;

g. Interacting or communicating with FDA regarding the safety of PPA;

h. Interacting or communicating with any other State, Federal or Foreign regulatory agency regarding the safety of PPA;

i. Conducting any testing in humans or animals regarding the safety of PPA;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

j. Contracting with any other person or entity to perform any testing in humans or animals regarding the safety of PPA; and

k. Communicating or interacting with any person or entity that conducted studies regarding the safety of PPA.

5. Identify and describe any testing done by or on behalf of defendant to determine whether the ingestion of PPA is associated with an increased risk of stroke.

6. Ranging from the Chief Executive Officer to the most junior managerial level of your company, identify and describe the chain of command since 1990 for insuring that the labeling of PPA products adequately warned consumers of the risks of PPA products.

7. Ranging from the Chief Executive Officer to the most junior managerial level of your company, identify and describe the chain of command since 1990 for making the decision as to whether PPA should be removed from any of your products for safety reasons.

8. Identify each over-the-counter consumer product containing PPA marketed by your company and for each product state:

a. The dollar amount spent on all advertising for each such product in each of the years since 1990;

b. The dollar sales of each such product in each of the years since 1990;

c. The gross profit derived from the sales of each such product in each of the years since 1990; and

d. The net profit derived from the sales of each such product in each of the years since 1990.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

9. State whether you have re-formulated any of your PPA products such that they do not now contain PPA and, if so, state:

a. The ingredient which was used to replace PPA; and

b. The cost of reformulating the product without PPA.

10. State whether at any time between January 1, 1990 and January 1, 2000 you considered removing PPA from any of your products and, if so, identify:

a. Any individuals who recommended removing PPA from any of your products;

b. Any individuals who made the decision to remove or not remove PPA from any of your products; and

c. Any documents relating or referring to any proposed removal of PPA from any of your products.

11. State whether at any time between January 1, 1990 and January 1, 2000 you analyzed whether the removal of PPA from any of your products would impact your market share, dollar sales or the cost of production for such product and if so:

a. Identify the individuals who performed such analyses;

b. Identify the individuals who were informed of the results of such analyses; and

c. Identify any documents relating or referring to such analyses.

12. As to any government investigation, regulatory action, indictment, information, or criminal charge which has ever been made or brought against Defendant in regard to the promotion, marketing, sale or distribution of any of its drug products, state:

a. The Product involved;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

b. The court, agency and jurisdiction involved;

c. The filing date;

d. The time period at issue;

e. The current status or disposition of the investigation, regulatory action or criminal charge; and

f. Any claim, file, court number or other identifying information regarding the investigation, regulatory action or charge.

13. State whether any of your PPA products were marketed outside of the United States. If so, state:

a. The location(s) outside of the United States where each was marketed;

b. The period of time when your PPA products were marketed, sold and/or distributed in each such location outside of the United States;

c. The indications, contraindications and risks reflected in the labeling which accompanied your PPA products when they were marketed in each such location outside of the United States (in English);

d. Whether any foreign government regulatory authority took any action to prohibit or limit the manufacture, sale, distribution or use of your PPA products, identifying the agency involved and the action taken; and

e. Whether any foreign government regulatory authority requested you or any other distributor of PPA products to withdraw such products from the market or restrict their use.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

14. With respect to any case of hemorrhagic stroke in any person using any of your PPA products:

a. State the date on which you first became aware that any consumer using any of your PPA products suffered a hemorrhagic stroke after using your product;

b. State the total number of reports of hemorrhagic stroke reported in consumers using your PPA products;

c. Identify each person who furnished and/or received such information;

d. State whether each report of such information was provided to the FDA and, if so,when; and

e. Identify all documents relating, referring to or embodying such information and/or its reporting to the FDA.

15. Identify all documents in your possession custody or control that relate, refer to or embody any studies, tests, analyses or research, including any interim or preliminary reports or data from such studies, conducted by any person or entity regarding hemorrhagic stroke in consumers using any PPA product.

16. State the total amount of insurance which you believe may be available to satisfy any claims which have been made in the past and which may be made in the future against you, your predecessors, successors, and assigns as a result of the use of PPA products. This requires, without limitation, that you:

a. Identify each and every general liability, comprehensive general liability, advertising liability or product liability policy (and every other policy which you believe may provide coverage to any personal injury claim



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

asserted in this litigation) that you purchased or on which you are a named insured (including policies purchased by related corporate entities), including all excess layers and/or umbrella policies, for a minimum of the years 1990 through 2000, or for any additional years in which you manufactured or distributed PPA products, including the policy number, name and address of the insurer who issued the insurance policy and indicate any self-insured retention;

b. State the type of coverage provided by each such policy (e.g., claims made, occurrence based, etc.);

c. State the limits of liability per claim and in the aggregate for each such policy;

d. State the effective dates of each such policy;

e. State whether each such policy is consuming (e.g., whether payments of counsel fees and defense costs consume the available limits of liability);

f. State the amounts which have been paid under each such policy and the extent to which such payments have exhausted the aggregate limits of coverage provided by each such policy;

g. State the name of your risk manager or person most knowledgeable about your insurance coverage for the years 1990 through 2000;

h. State the name, address and telephone number of your insurance broker(s) for the years 1990 through 2000 for the insurance identified in response to sub-part (a) above;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

i. State whether or not you have tendered any claims or provided notice in this litigation to any insurer or any insurance policy other than those identified in sub-part (a) above. If so, include the name and address of the insurer and the policy number and, if the policy is issued to anyone other than yourself, the insured under the policy; and

j. State whether any carrier has notified you of any reservation of rights, and, if so, identify all documents relating thereto.

17. State the full corporate name and principal address of each entity with whom you are affiliated through common ownership and control. With respect to each such entity, describe its past and present role in connection with the design, testing, manufacture, marketing, sale and/or distribution of PPA products.

18. Describe your document retention/destruction policies and procedures from 1985 through the present including:

a. What documents (including computer files) are routinely discarded and when; and

b. How and where you file safety related documents.

19. For the period January 1, 1990 through January 1, 2000, please state if you modified the formulation of your PPA products or their labeling due to any concerns about high blood pressure or stroke. If so,

a. Describe each such modification;

b. State the dates on which you first notified the FDA of the modification;

c. State the dates on which each labeling change was implemented in distributed product;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

d. State whether you undertook any efforts to notify or educate consumers about any such re-formulation or labeling change; and

e. Identify any documents relating or referring to the subject matter of any of the previous subparts of this interrogatory.

20. Identify and describe all indemnity agreements, agreements to assume liability, agreements to assume the defense, or any other such agreements between you, your insurer and any other person regarding any claims pertaining to the manufacture and distribution of any of your PPA products.

21. Provide the following information about your company:

a. The address of your principal place of business;

b. The identity, by name and title, of your current corporate officers;

c. The identity of your current board of directors;

d. State whether your company is owned in material part (50% or greater) by any other persons or entities and, if so, identify the owners and their ownership interests;

e. Briefly describe your involvement with any other corporation involved the manufacture and distribution of PPA products; and

f. Provide the most current financial data available regarding your company's:

i. Gross sales;

ii. Net income;

iii. Total assets;

iv. Cash;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

v. Current assets;

vi. Current liabilities;

vii. Equity;

viii. Long-term debt; and

ix. Short term debt.

g. Identify the individual most knowledgeable regarding your financial status.

h. Identify the individual most knowledgeable regarding your insurance coverage.

22. Please state the number of lawsuits presently pending against you and/or any of your subsidiaries involving any of your PPA products. For each such lawsuit, please give the following information:

a. The place of jurisdiction, case number and complete caption; and

b. The name, firm name, address and telephone number of the lawyer(s) who have filed the case on behalf of each plaintiff.

23. Please state the number of lawsuits that have been settled or dismissed against you and/or any of your subsidiaries involving any of your PPA products. For each such lawsuit, please give the following information:

a. The place of jurisdiction, case number and complete caption;

b. The name, firm name, address and telephone number of the lawyer(s) who filed the case on behalf of each plaintiff; and

d. The date on which the lawsuit the lawsuit was settled.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

24. State whether between 1990 – 2000 your company had any written codes of conduct or ethical standards regarding the marketing and labeling of drug products and, if so:

a. Identify any documents that relate, refer to or embody such codes of conduct or ethical standards;

b. State whether your company had any department or office that was charged with the responsibility for determining whether your company complied with such codes of conduct or ethical standards; and

c. Identify any officers and/or employees with managerial or supervisory responsibility for determining whether the corporation's conduct was in compliance with such codes of conduct or ethical standards.

25. State whether between 1990 – 2000 your company belonged to any pharmaceuctical manufacturer's trade associations or other groups that had codes of conduct or ethical standards regarding the marketing and labeling of drug products and, if so:

a. Identify any documents that relate, refer to or embody such codes of conduct or ethical standards;

b. State whether your company had any department or office that was charged with the responsibility for determining whether your company complied with such codes of conduct or ethical standards; and

c. Identify any officers and/or employees with managerial or supervisory responsibility for determining whether the corporation's



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

conduct was in compliance with such codes of conduct or ethical standards.

Respectfully Submitted,

*Levinson Friedman, P.S.*

Lance E. Palmer, Esq.
WSBA #18141
**Plaintiffs' Liaison Counsel**

Signed and submitted on behalf of, and approval of, the individuals listed below

Arthur Sherman, Esq.
*Sherman, Salkow, Petoyan & Weber*
11601 Wilshire Blvd, Suite 675
Los Angeles, CA 90025-1742
**Plaintiffs' Co-Lead Counsel**

Richard Lewis, Esq.
*Cohen, Milstein, Hausfield & Toll*
1100 New York Avenue, NW
Suite 500
Washington, D.C. 20005
**Plaintiffs' Co-Lead Counsel**



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912