THE HONORABLE BARBARA J. ROTHSTEIN

FILED ENTERED LODGED RECEIVED JAN 29 2002 AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY

1/29/02

ORIGINAL

FILED ENTERED LODGED RECEIVED JAN 04 2002 DJ AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION<br>This document relates to all actions | MDL Docket No. 1407<br>CASE MANAGEMENT ORDER NO. 3 **[PROPOSED]**<br>(Preservation of Documents) |

This Order governs the preservation of evidence in this case and shall remain in effect for each party while it is a party to these proceedings or until another order of this Court supersedes this Order. This Order supercedes any order previously entered in any individual action (to the extent that such individual order imposes obligations in addition to the obligations set forth herein, this Order shall be given nunc pro tunc effect to the date the order in the individual action was entered).



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
Fax (206) 624-2912

166

1. Scope

This Order pertains to documents or tangible items that may pertain or relate to phenylpropanolamine ("PPA") and otherwise relates to the claims in the above-captioned proceedings. This Order pertains only to preservation and nothing in this Order shall be construed to affect the discoverability or admissibility of any document or tangible item. All objections to discoverability or admissibility are maintained and may be asserted at any time.

For purposes of this Order, "tangible items" includes, but is not limited to, product bottles, containers, packaging, or unused product in the possession of any plaintiff or within his or her control and any exemplar bottles, containers or packaging in the possession of any Defendant.

For purposes of this Order, "document" means documents and data existing in any form, including any writing (in the broadest sense consistent with Federal Rule of Evidence 1001), drawing, film, videotape, chart, photograph, phonograph record, tape record, mechanical or electronic sound recording or transcript thereof, retrievable data (whether carded, taped coded, electrostatically or electromagnetically recorded, or otherwise), or other data compilation from which information can be obtained, databases, document images, photographs, microfilm, microfiche, backup tapes (or other backup media), including (but not limited to) notices, memoranda, emails, diaries, minutes, purchase records or receipts, purchase invoices, market data, correspondence, computer storage tapes, computer storage cards or disks, books, journals, ledgers, statements, reports, invoices, bills, vouchers, worksheets, jottings, notes, letters, abstracts, audits, charts, checks, diagrams, drafts, recordings,



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

instructions, lists, logs, orders, recitals, telegram messages, telephone bills and logs, resumes, summaries, compilations, computations, any form of medical record, and other formal and informal writings or tangible preservations of information.

2. <u>Preservation</u>

While this Order remains in effect, each of the parties herein and their respective officers, agents, servants, employees, and attorneys and all persons in active concert or participation with them, who receive actual notice of this order by personal service or otherwise, are restrained and enjoined from altering, destroying, permitting the destruction of, or in any other fashion changing any document or tangible item in the actual or constructive care, custody, or control of such person, wherever such document or tangible item is physically located. This Order imposes no duty on any party to notify any agents or third parties regarding this Order and parties have no responsibility for actions taken by agents or third parties unless taken at the direction of a party. Plaintiffs and defendants shall take steps to ensure that the documents or tangible items within the scope of this Order shall not be moved from their original location except as in the ordinary course of business or practice, or to facilitate compilation, review or production (as by filing in a document depository).

The parties are directed to meet and confer as to any issues relating to the parties' need to change the location of any document outside of the ordinary course of business or to facilitate compilation, review or production. If the parties are unable to agree, any party may apply to the Court for relief from this Order upon reasonable notice.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

3. <u>Limitation for Newly Created Documents</u>

The obligation to preserve documents (including but not limited to electronic data and email) created subsequent to the effective date of this Order ("newly created documents") is limited to only those company employees who during the regular course of their employment would be responsible for or directly oversee others responsible for any of the following subjects and is limited to documents relating to any of the following subjects:

1) The regulatory status of PPA as an ingredient in either over-the-counter or prescription drug;

2) The risk or occurrence of strokes with the use of PPA;

3) The collection and/or reporting of adverse reactions occurring with the use of PPA; and

4) The number and identity of individuals asserting claims against the Defendants for injuries sustained while using a PPA product.

The duty to preserve newly created documents shall not extend to (a) documents that are protected by the attorney client privilege or work product doctrine, including, but not limited to, briefs, motions, legal or factual memoranda, notes, communications or other similar materials created in anticipation of or during the course of any litigation concerning PPA by or for any attorney representing any party to the proceedings coordinated in this Court, or in any other legal proceedings involving PPA; (b) documents consisting of temporary compilation of information, such as dictation, drafts, and interim versions of documents, if such temporary compilations of information would not have been preserved in the ordinary course of business; and (c) multiple identical



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

copies of a document, including photocopies and electronically-stored data so long as the original document, or an identical copy thereof, remain in possession, custody or control of a party The retention of full back-up of any server or other computer on a monthly basis shall relieve the party of any obligation to maintain any incremental or interim back-ups of such server or other computer. Nothing in this Order shall require any party to implement any procedure relating to the backing-up of electronic data that such party does not already have in place.

4. Superceding Orders

The scope and manner of each party's document and data preservation obligations as set forth within this Order shall be superceded automatically by any subsequent order applicable to said party issued by this Court, or any state court in PPA related litigation, which acts to alter the obligations of said party set forth herein.

5. Miscellaneous

The preservation obligations of this Order are not intended to displace, lessen, or heighten any parties' preservation obligations pursuant to law.

**IT IS SO ORDERED.**

Dated: January 29, 2002

Barbara J. Rothstein
THE HONORABLE BARBARA J. ROTHSTEIN



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-7912