FILED ENTERED
LODGED RECEIVED

FEB 24 2003

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,

This document relates to:

Hunnicut v. Novartis Corp., No. C02-792R

Riptoe, et al. v. Bayer Corp., et al., No. C02-355R

Bickham, et al. v. American Home Products Corp., et al., No. C02-907R

Myers, et al. v. Smithkline Beecham Corp., et al., No. C02-1170R

MDL NO. 1407

ORDER EXTENDING COURT'S JUNE 5, 2002 ORDER DENYING CLASS CERTIFICATION TO ADDITIONAL CASES

MD 01 01407 00001535

cc: counsel · BTR

## I. BACKGROUND

On June 5, 2002, the court issued an order denying certification in four nationwide and one Louisiana statewide personal injury class action cases.[1] The court noted that, to the extent

---

[1] See MDL 1407 Order Granting Defendants' Motion to Strike Class Allegations and Deny Class Certification in Toombs v. Bayer Corp., et al., No. C02-32R; Fife, et al. v. American Home Products Corp., et al., No. C01-2144R; Ricks, et al. v. American Homes Products Corp., et al., No. C01-1408R; Havard v. Smithkline Beecham, Inc., et al., No. C01-1645R; and Burbel, et al. v. Slmithkline Beecham Corp., et al., No. C02-258R (June 5, 2002).



1535

applicable, it would extend its holding on certification to similar proposed classes transferred into the MDL. Defendants later requested that the court extend its June 2002 order denying certification to the four cases listed above. However, given the significance of a class certification decision, the court determined that plaintiffs in these cases should be afforded an opportunity to address the court on this issue.

In an order issued on January 10, 2003, the court set a briefing schedule for the parties to respond to the question of whether the court's previous order denying certification in putative personal injury class actions should be extended to these cases. The court noted that if the plaintiffs found their proposed classes indistinguishable from those previously considered by the court, they should inform the court that no briefing would be forthcoming.

## II. DISCUSSION

In response to the court's January 2003 order, plaintiffs in Hunnicutt v. Novartis Corp., No. C02-792R, indicated to the court their belief that their proposed class was indistinguishable from the classes previously considered. Plaintiffs in the other three cases at issue did not submit any briefing or otherwise contact the court in response to the court's order. As such, defendants now again seek an extension of the court's June 5, 2002 order denying certification to these cases.

"As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order

whether it is to be so maintained." Fed. R. Civ. P. 23(c)(1). The court's duty to promptly decide the question of class certification remains true even where the parties themselves have not moved for a determination on the issue. See 5 James Wm. Moore et al., Moore's Federal Practice § 23.61[4] (3d ed. 2002).

The four cases at issue here, like the cases addressed in the court's June 2002 order, were all filed in Louisiana. These cases also similarly propose classes comprised of individuals who suffered injuries after ingesting PPA-containing products, and/or who may suffer such injuries, and/or who have sustained a justifiable fear of sustaining such injury in the future.

Given the concession of the plaintiffs in Hunnicutt and the failure of plaintiffs in the three other cases to advise the court otherwise, the court concludes that these cases entail proposed classes indistinguishable from those proposed in the cases in which the court previously denied class certification. For this reason, the court finds that an extension of its June 5, 2002 order denying certification to these cases would be appropriate.

## III. CONCLUSION

Defendants' motion to extend the court's June 5, 2002 order denying class certification to these cases is hereby GRANTED.

DATED at Seattle, Washington this 24th day of February, 2003.

Barbara Jacobs Rothstein

BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

# U. S. District Court

## Western District of Washington

Seattle: 206-553-1590 Tacoma: 253-593-6313

TO: D Joseph Hurson

FAX: 223-7107

SENT ON: 02/25/03 10:02 AM

RE Case No: 2:01-md-01407 Docket No: 00001535

PAGES: 4

03 FEB 25 AM 10: 22

I hereby certify that the attached document is a true and correct copy of the original on file in my office.

ATTEST: Bruce Rifkin, Clerk, U. S. District Court

If this fax is incomplete or cannot be delivered as addressed, please call Shirley Lindberg or Nealann Skari at 206-553-4170.