RECEIVED
NOV 18 2003
LPSL

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 17 REMAND OF CASES |

I. **INTRODUCTION**

Proceedings in this MDL 1407 began in earnest with the Order re Initial Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed committee rosters, and scheduling the initial conference in this MDL for November 16, 2001. Since then: (1) generic fact discovery (including written discovery, document production and review, discovery depositions, and requests for admissions) has been completed or substantially completed as to most MDL defendants for which "common benefit" discovery is being undertaken by the Plaintiffs; (2) a procedure for case-specific fact discovery in each case has been implemented, and discovery pursuant thereto in cases subject to these MDL proceedings has been

underway since 2002; (3) Rule 26 disclosures of generic experts have been made, discovery depositions of those experts are complete; and a process has been established to permit the adoption of those experts' opinions in other cases transferred or being transferred to this MDL; (4) trial preservation depositions of several of plaintiffs' and defendants' generic experts are underway or have been taken; (5) and *Daubert* motions challenging plaintiffs' generic medical experts' opinions as to general causation, briefing, and hearings on said motions are now complete, and the Court has issued its Decision on said motions.

Given the foregoing, the Court is satisfied that this Multi-District Litigation has sufficiently matured, such that qualified cases may now be considered by the Court for purposes of issuing a Suggestion of Remand to facilitate their remand by the Judicial Panel on Multidistrict Litigation ("JPML") to their transferor courts for further case-specific proceedings and final disposition, subject to the following procedures and conditions:

## II. REMAND CRITERIA- RIPENESS

Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time. Discovery as to experts on general causation, and issues of general applicability, was required to be completed by no later than March 10, 2003, with subsequently transferred cases subject to the provisions of CMO No. 9, providing for the adoption of or designation of experts on issues of general applicability. Case-specific fact discovery of

plaintiffs in each case subject to these MDL proceedings was required to be completed within specific time periods depending on when each case was docketed in these proceedings, as set forth in CMO Nos. 6 and 6A.

In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court, and all other generic fact and expert discovery permitted in this MDL as to the parties to that case is time barred. Specifically, all of the following criteria must be completed and/or fulfilled before a case will be considered ripe for remand:

- Plaintiff's fact sheet must be substantially complete per CMO Nos. 6 and 6A and all identified deficiencies must be corrected per CMO Nos. 6, 6A and 10;

- Plaintiff has executed all appropriate authorizations, including new HIAA-compliant authorizations if requested by defendants, as required by CMO Nos. 6 and 6A;

- Any permitted and timely filed discovery propounded by defendant pursuant to CMO Nos. 6, 6A, or 10 shall be completed with no discovery disputes remaining unresolved;

- The deadline, as the same may have been extended by stipulation or Court order, for case-specific fact discovery must have passed and not be subject to any extensions under CMO Nos. 6, 6A or 10, except that this requirement will be deemed fulfilled even if the case-specific fact discovery deadline has not passed as long as that deadline, with any extensions, is on or before December 31, 2003;

- If applicable to the case, plaintiff must have complied with the requirements of CMO No. 13 in order to provide defendants not identified the opportunity to file, and the Court to rule upon, dismissals in such cases per CMO No. 13A;

- If applicable to the case, plaintiff must have complied with the requirements of CMO No. 15 and any additional orders entered by this Court;

- The deadline for adopting or identifying generic experts per CMO No. 9 has passed;

- Any summary judgment motion arising from the Court's *Daubert* Order entered June 18, 2003, applicable to the case must have been ruled upon.

## III. REMAND PROCEDURE

### A. Petition for Suggestion of Remand Order

At any time after a case is ripe for remand, counsel of record for any party to the case may file a Petition for Suggestion of Remand Order ("Petition") in the form attached hereto. Counsel of record shall not file a Petition unless they can certify in good faith that the case/s for which remand is sought is or are ripe for remand. Petitioning counsel shall serve a copy of the Petition upon Plaintiffs' Liaison Counsel Lance Eugene Palmer, Defendants' Liaison Counsel D. Joseph Hurson and Defendants' Liaison Counsel Douglas A. Hofmann (hereinafter, "liaison counsel"), as well as counsel of record in the case sought to be remanded. To the extent possible, service upon liaison counsel should be electronic. In order for a case to be considered at a Remand Conference as "eligible for remand," a Petition must be filed thirty (30) days prior to the date of the Remand Conference.

### B. Objections and Responses

A party to the case may file a written objection to the Petition within twenty (20) days of the date the Petition was filed, which objection shall be limited to ten (10) double-spaced pages. Any party may object to the Petition, including objections based upon any of the criteria set forth in Section II, above. The

written objection shall identify all reasons why the case is not ripe for remand. Within five (5) days of the filing of an opposition, the petitioning party may file a response that shall be limited to five (5) pages. Objections and responses must be served on liaison counsel, as well as counsel of record in the case sought to be remanded. To the extent possible, service upon liaison counsel should be electronic. There shall be no hearings permitted on any given Petition except by leave of court.

**C. Eligibility for Remand**

Any case in which a Petition has been filed will be deemed "eligible for remand" if (a) no written objection is filed within twenty (20) days of the filing of the Petition or (b) upon the Court overruling any written objection to the Petition. As stated above, in order for a case to be considered at a particular Remand Conference as "eligible for remand," the Petition must be filed thirty (30) days prior to the date of the Remand Conference.

**D. Database of Cases Deemed Eligible for Remand**

The parties shall cooperate in preparing and maintaining a database of all cases deemed "eligible for remand" which shall contain the following data as to each case: case caption, transferor court, date of original filing, date of docketing in this MDL, date of injury, specific type of injury claimed, identity of all defendants, estimated length of trial, and the parties' election regarding the alternative dispute resolution requirement as set forth in CMO No. 18. The parties shall provide the updated database in electronic spreadsheet format to the Court five (5)

days prior to any Remand Conference, and as the Court otherwise requires.

**E. Remand Conferences**

The Court shall schedule and conduct periodic Remand Conferences to determine which cases deemed "eligible for remand" as of the date of each Remand Conference are to be named in a Suggestion of Remand Order to be issued and forwarded to the JPML pursuant to JPML Rule 7.6 immediately following each Remand Conference. The first Remand Conference shall be conducted on January 23, 2004 at 9 a.m. The Court will inform the parties of the location of the first Remand Conference as soon as possible. Plaintiffs and Defendants Steering Committees may, no later than five days prior to any scheduled Remand Conference, submit memoranda to the Court setting forth their respective views regarding the appropriate determination by the Court.

**E. Order of Remand**

Once an Order of Remand by the JPML is filed with the clerk of this transferee court, all case files and materials will be transferred to the transferor court. Within seven (7) days of the filing of an Order of Remand by the JPML, the parties will submit a joint proposed Final MDL Pretrial Order for the Court's signature. Such order should describe the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of the Final MDL Pretrial Order will be provided, along with the case file and materials, to the transferor court for its information and benefit.

DATED this 18th day of November, 2003.

/s/ Barbara Jacobs Rothstein

HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to the following actions: [insert case name(s) and docket number(s)] | MDL NO. 1407<br><br>PETITION FOR SUGGESTION OF REMAND ORDER |

The below-signed counsel of record in the following case(s):

[insert case name(s) and docket number(s)]

hereby certifies to the Court in good faith that the described cases(s) has/have completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred, and otherwise is/are ripe for remand to its/their transferor courts for further proceedings and

disposition.

DATED at this __ day of _____________, 200__.

Respectfully Submitted,

______________________________
Name
Firm
Address/ Phone