RECEIVED
DEC 1 0 2003
LPSL

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 18A REQUIREMENT OF ALTERNATIVE DISPUTE RESOLUTION |

## I. INTRODUCTION

This Case Management Order replaces CMO No. 18 in its entirety. As soon as possible following each Remand Conference, as that term is used in CMO No. 17, the Court will issue a minute entry naming the cases the Court selects for remand. The date of issuance of the minute entry shall be the selection date for all cases included in that entry.

## II. REQUIREMENT OF ALTERNATIVE DISPUTE RESOLUTION

Within seven (7) days following selection of a case for remand by this transferee court, the parties must decide whether to mediate. Immediately following the seven (7) day period, the

parties shall inform the Court of their decision whether or not to mediate by way of a brief joint submission titled "Election Regarding Alternative Dispute Resolution."

**III. MEDIATION**

Should the parties elect to mediate, the mediation shall take place no later than one month after selection of the case for remand.

**IV. SELECTION OF MEDIATORS**

The parties shall meet and confer in an attempt to agree upon a panel of regional mediators, which will include mediators from the following areas: California, Texas, Western Louisiana, Eastern Louisiana, the Northeast, the Southeast, and the remainder of the country. The parties can agree to additional mediators if deemed necessary. To the extent that the parties cannot agree on certain mediators, Plaintiffs' Steering Committee and Defendants' Steering Committee shall provide a list of nominees to Special Master Francis McGovern, who will assist the parties in reaching resolution. Each mediation session shall be conducted by one mutually agreed upon mediator selected from the panel of regional mediators. The cost of the mediation will be split equally among the mediating plaintiff(s) and the mediating defendant(s) collectively. The mediator selected shall be located within the same region as the transferor court, unless the parties mutually agree otherwise.

**V. "MEET AND CONFER"**

Should either of the parties decline to mediate the case, the parties must participate in, and are responsible for arranging, a "meet and confer" with Special Master Francis McGovern.[1] The "meet and confer" shall take place no later than 21 days after the case is selected for remand. If, following the "meet and confer," the parties decide to mediate, the mediation must take place no later than 30 days from the date of the parties' decision.

**VI. CONCLUSION**

To allow the parties sufficient time to make an election regarding alternative dispute resolution, and to allow such alternative dispute resolution to take place prior to remand, this Court rescinds the language in Section III(E) of CMO No. 17 to the extent that it indicates that a Suggestion of Remand Order will be issued immediately following each Remand Conference. Nothing in this Order will prevent the parties from agreeing to mediate any additional cases or groups of cases.

DATED this 10th day of December, 2003.

/s/ Barbara Jacobs Rothstein

HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

[1]The role of Special Master McGovern is hereby expanded to include the duties contemplated by this Case Management Order.