RECEIVED
MAR 23 2004
LPSL

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 17B REMAND OF CASES |

**This case management order replaces and supercedes Case Management Order ("CMO") No. 17 and CMO No. 17A, both entered on entered on November 18, 2003.**

**I. <u>INTRODUCTION</u>**

Proceedings in this MDL 1407 began in earnest with the Order re Initial Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed committee rosters, and scheduling the initial conference in this MDL for November 16, 2001. Since then: (1) generic fact discovery (including written discovery, document production and review, discovery depositions, and requests for admissions) has been completed or substantially completed as to most MDL defendants for which "common benefit" discovery is being

undertaken by the Plaintiffs; (2) a procedure for case-specific fact discovery in each case has been implemented, and discovery pursuant thereto in cases subject to these MDL proceedings has been underway since 2002; (3) Rule 26 disclosures of generic experts have been made, discovery depositions of those experts are complete; and a process has been established to permit the adoption of those experts' opinions in other cases transferred or being transferred to this MDL; (4) trial preservation depositions of several of plaintiffs' and defendants' generic experts are underway or have been taken; (5) and *Daubert* motions challenging plaintiffs' generic medical experts' opinions as to general causation, briefing, and hearings on said motions are now complete, and the Court has issued its Decision on said motions.

Given the foregoing, the Court is satisfied that this Multi-District Litigation has sufficiently matured, such that qualified cases may now be considered by the Court for purposes of issuing a Suggestion of Remand to facilitate their remand by the Judicial Panel on Multidistrict Litigation ("JPML") to their transferor courts for further case-specific proceedings and final disposition, subject to the following procedures and conditions:

## II. <u>REMAND CRITERIA- RIPENESS</u>

Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time. Discovery as to experts on general causation, and issues of general applicability, was required to be completed by no later than March 10, 2003, with

subsequently transferred cases subject to the provisions of CMO No. 9, providing for the adoption of or designation of experts on issues of general applicability. Case-specific fact discovery of plaintiffs in each case subject to these MDL proceedings was required to be completed within specific time periods depending on when each case was docketed in these proceedings, as set forth in CMO Nos. 6 and 6A.

In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court, and all other generic fact and expert discovery permitted in this MDL as to the parties to that case is time barred. Specifically, all of the following criteria must be completed and/or fulfilled before a case will be considered ripe for remand:

- Plaintiff's fact sheet must be substantially complete per CMO Nos. 6 and 6A and all identified deficiencies must be corrected per CMO Nos. 6, 6A and 10;

- Plaintiff has executed all appropriate authorizations, including new HIPAA-compliant authorizations if requested by defendants, as required by CMO Nos. 6 and 6A;

- Any permitted and timely filed discovery propounded by defendant pursuant to CMO Nos. 6, 6A, or 10 shall be completed with no discovery disputes remaining unresolved;

- The deadline, as the same may have been extended by stipulation or Court order, for case-specific fact discovery must have passed and not be subject to any extensions under CMO Nos. 6, 6A or 10;

- If applicable to the case, plaintiff must have complied with the requirements of CMO No. 15 and any additional orders entered by this Court;

- The deadline for adopting or identifying generic experts per

CMO No. 9 has passed;

- Any summary judgment motion arising from the Court's *Daubert* Order entered June 18, 2003, applicable to the case must have been ruled upon.

## III. REMAND PROCEDURE

### A. Petition for Suggestion of Remand Order

At any time after a case is ripe for remand, counsel of record for any party to the case may file a Petition for Suggestion of Remand Order ("Petition") in the form attached hereto. A separate Petition must be filed in each case for which remand is sought. Counsel of record shall not file a Petition unless they can certify in good faith that the case/s for which remand is sought is or are ripe for remand. Petitioning counsel shall serve a copy of the Petition upon Plaintiffs' Liaison Counsel Lance Eugene Palmer, Defendants' Liaison Counsel D. Joseph Hurson and Defendants' Liaison Counsel Douglas A. Hofmann (hereinafter, "liaison counsel"), as well as counsel of record in the case sought to be remanded. To the extent possible, service upon liaison counsel should be electronic.

### B. Objections and Responses

A party to a case may file a written objection to a Petition within twenty (20) days of the date the Petition was filed. Objections shall be limited to ten (10) double-spaced pages. Any party may object to a Petition, including objections based upon any of the criteria set forth in Section II, above. The written objection shall identify all reasons why the case is not ripe for remand. Within five (5) days of the filing of an opposition, the

petitioning party may file a response that shall be limited to five (5) pages. Objections and responses must be served on liaison counsel, as well as counsel of record in the case sought to be remanded. To the extent possible, service upon liaison counsel should be electronic. There shall be no hearings permitted on any given Petition except by leave of court.

**C. Eligibility for Remand**

The Court will consider petitions on a monthly basis. On the first official court day of each month, liaison counsel shall provide the Court with a list of petitions that are ready for a determination of eligibility. The list should identify each petition for which the deadline for filing responsive pleadings has passed. After considering the petitions on liaison counsel's list, Magistrate Judge Theiler will issue an order setting forth the Court's determination as to which cases are eligible for remand that month.

Any case in which a Petition has been filed will be deemed eligible for remand if (a) no written objection is filed within twenty (20) days of the filing of the Petition, or (b) upon the Court overruling any written objection to the Petition. A party whose case has been deemed not eligible for remand as a result of a successful objection to a Petition may file a subsequent Petition after curing the grounds on which the objection was sustained.

**D. Spreadsheet of Cases Deemed Eligible for Remand**

Following issuance of Magistrate Judge Theiler's order, the parties shall cooperate in preparing a spreadsheet of the cases

deemed eligible for remand that month. This document shall contain the following data as to each case: case caption, transferor court, date of original filing, date of docketing in this MDL, date of injury, specific type of injury claimed, identity of all defendants, and estimated length of trial. The parties shall provide the spreadsheet in electronic format to the Court five (5) days after the issuance of an order by the Magistrate Judge indicating which cases are eligible for remand.

**E. Briefing Schedule**

No later than five (5) days after issuance of an order by the Magistrate Judge indicating which cases are eligible for remand, Plaintiffs' and Defendants' Steering Committees may submit memoranda to the Court setting forth their respective views concerning which of the cases deemed eligible for remand should be named in a Suggestion of Remand Order. If either Steering Committee is of the view that one or more of the cases deemed eligible for remand should not be named in the next Suggestion of Remand Order, that Committee must identify those cases, and its argument against remand. The objecting Steering Committee must serve a copy of its memorandum upon all parties to each of the cases in which it opposes remand on or before the date that the memorandum is filed with the Court. In each such case, the petitioning party may file a responsive pleading not to exceed five (5) pages, no later than five (5) days after being served with the memorandum.

**F. Selection of Cases for Remand**

After receiving the spreadsheet listing all cases deemed

eligible for remand, and after the deadline for the filing of memoranda and responsive pleadings, if applicable, the Court will issue a preliminary order selecting cases for remand from the pool of those deemed eligible for remand by the Magistrate Judge. This preliminary order will precede the Suggestion of Remand Order, see Section III(G), below. Entry of this preliminary order will trigger the obligations, as set forth in CMO No. 18A Requirement of Alternative Dispute Resolution, for the parties selected for remand by the Court in the preliminary order.

**G. Suggestion of Remand Order**

Following issuance of the preliminary order selecting cases for remand, the Court will issue a Suggestion of Remand Order to be forwarded to the JPML.

**H. Conditional Remand Order from the JPML**

Within seven (7) days of the date that a Conditional Remand Order is filed by the JPML with this transferee court, the parties will submit a joint proposed Final MDL Pretrial Order for the Court's signature. Such order will describe the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of the Final MDL Pretrial Order, along with the case file and materials, will be provided to the transferor court.

**IV. CONCLUSION**

As the remand process progresses, it may become clear that aspects of this procedure could benefit from modification in order to make improvements or to lessen the burden on any

participant in this process. Such participants may include the JPML, the parties, this Court, any of the transferor courts, the Special Master, or the Magistrate Judge. The parties are instructed to confer prior to proposing changes to this procedure to the Court.

DATED this 23rd day of March, 2004.

s/ Barbara Jacobs Rothstein
HONORABLE BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to the following actions: [insert case name and docket number] | PETITION FOR SUGGESTION OF REMAND ORDER |

The below-signed counsel of record in the following case:

[insert case name and docket number]

hereby certifies to the Court in good faith that the described case has completed case-specific fact discovery, and that all other generic fact and expert discovery as to each defendant is complete or time-barred, and otherwise is ripe for remand to its transferor court for further proceedings and disposition.

The below-signed counsel further certifies in good faith that the following information is accurate:

Case Caption: ______________________________

Transferor Court: ______________________________

Date of Original Filing: ______________________________

Date Docketed in MDL 1407: ______________________________

Date of Alleged Injury: ______________________________

Specific Type of Injury Claimed: ______________________________

Identity of All Defendants: ______________________________

Estimated Length of Trial: ______________________________

DATED at this __ day of _____________, 200__.

Respectfully Submitted,

______________________________
Name
Firm
Address/ Phone