RECEIVED
JUN 23 2004
LPSL

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 17C REMAND OF CASES |

**This case management order replaces and supercedes Case Management Order ("CMO") Nos. 17, 17A and 17B.**

**I. <u>INTRODUCTION</u>**

Proceedings in this MDL 1407 began in earnest with the Order re Initial Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed committee rosters, and scheduling the initial conference in this MDL for November 16, 2001. Since then: (1) generic fact discovery (including written discovery, document production and review, discovery depositions, and requests for admissions) has been completed or substantially completed as to most MDL defendants for which "common benefit" discovery is being undertaken by the Plaintiffs; (2) a procedure for case-specific

fact discovery in each case has been implemented, and discovery pursuant thereto in cases subject to these MDL proceedings has been underway since 2002; (3) Rule 26 disclosures of generic experts have been made, discovery depositions of those experts are complete; and a process has been established to permit the adoption of those experts' opinions in other cases transferred or being transferred to this MDL; (4) trial preservation depositions of several of plaintiffs' and defendants' generic experts are underway or have been taken; (5) and *Daubert* motions have been filed challenging plaintiffs' generic medical experts' opinions as to general causation, briefing, and hearings on said motions have been completed, and the Court has issued its Decision on said motions.

Given the foregoing, the Court is satisfied that this Multi-District Litigation has sufficiently matured, such that, subject to the following procedures and conditions, qualified cases may now be considered by the Court for purposes of issuing a Suggestion of Remand Order to facilitate their remand by the Judicial Panel on Multidistrict Litigation ("JPML") to their transferor courts for further case-specific proceedings and final disposition.

## II. REMAND CRITERIA- RIPENESS

Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time. Discovery as to experts on general causation, and issues of general applicability, was required to be completed by no later than March 10, 2003, with subsequently transferred cases subject to the provisions of CMO No.

9, providing for the adoption of or designation of experts on issues of general applicability. Case-specific fact discovery of plaintiffs in each case subject to these MDL proceedings was required to be completed within specific time periods depending on when each case was docketed in these proceedings, as set forth in CMO Nos. 6 and 6A.

In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court. Specifically, all of the following criteria must have been completed and/or fulfilled before a case will be considered ripe for remand:

- Plaintiff's fact sheet must be substantially complete per CMO Nos. 6 and 6A and all identified deficiencies must be corrected per CMO Nos. 6, 6A and 10;

- Plaintiff must have executed all appropriate authorizations, including new HIPAA-compliant authorizations if requested by defendants, as required by CMO Nos. 6 and 6A;

- Any permitted and timely filed discovery propounded by defendant(s) pursuant to CMO Nos. 6, 6A, or 10 must have been completed with no discovery disputes remaining unresolved;

- The deadline, as the same may have been extended by stipulation or Court order, for case-specific fact discovery must have passed and not be subject to any extensions under CMO Nos. 6, 6A or 10;

- If applicable to the case, plaintiff must have complied with the requirements of CMO No. 15 and any additional orders entered by this Court;

- The deadline for adopting or identifying generic experts per CMO No. 9 must have passed;

- Any summary judgment motion arising from the Court's *Daubert* Order entered June 18, 2003, applicable to the case must have been ruled upon.

## III. REMAND PROCEDURE

### A. Spreadsheet of Cases Ripe for Remand

On July 1, 2004, liaison counsel for defendants shall provide to the court and to liaison counsel for plaintiffs a spreadsheet listing all cases deemed ripe for remand as of June 1, 2004, using the criteria set forth in Section II of this order. This spreadsheet shall include the following information as to each case: case caption, MDL cause number, transferor court, identity of all defendants, and fact discovery deadline. Defense liaison counsel shall provide this spreadsheet to the court and to liaison counsel for plaintiffs in electronic form.

Counsel shall provide similar spreadsheets on August 2, 2004, September 1, 2004, October 1, 2004, and thereafter as directed by the court. Each of these subsequent spreadsheets shall identify cases that are considered ripe for remand as of the date of the previous spreadsheet, but shall not include any cases that were included on a previous spreadsheet. (For example, the spreadsheet filed on August 2, 2004, will identify those cases that are considered ripe for remand as of July 1, 2004, but not those cases that were included on the July 1, 2004 spreadsheet.)

While it shall be the responsibility of defense liaison counsel to provide the spreadsheets, any party to a case may file a notice of ripeness for remand on the monthly dates specified by the court.

### B. Orders to Show Cause

The court will issue orders to show cause why each case

designated as ripe for remand should not be remanded. The orders will set forth the dates by which objections and replies shall be filed, together with noting dates.

**C. Objections and Responses**

Any party to a case may submit an objection to the remand of a particular case as directed in the court's orders to show cause. Objections shall be limited to ten (10) double-spaced pages, and responses shall be limited to five (5) pages. Objections and responses must be served on liaison counsel, as well as counsel of record in the case to be remanded. To the extent possible, service upon liaison counsel should be electronic. There shall be no hearings permitted on any given show cause order except by leave of court.

**D. Eligibility for Remand**

The court has appointed Magistrate Judge Theiler to consider and rule on objections filed pursuant to Section III(c), above. Any case in which a show cause order has issued will be deemed eligible for remand if (a) no written objection is filed by the date specified in the court's order, or (b) upon Magistrate judge Theiler overruling all objections to remand of that case.

A party whose case has been deemed not eligible for remand as a result of a successful objection may resubmit the case on the dates set forth herein, after curing the grounds on which the objection was sustained.

**E. Suggestion of Remand Order**

Following Magistrate Judge Theiler's determination

regarding eligibility, the court will issue a Suggestion of Remand Order to be forwarded to the JPML, containing the names of the cases the court views as appropriate for remand. Issuance of a Suggestion of Remand Order triggers the Alternative Dispute Resolution requirements contained in CMO 18B for the cases listed in that order.

**F. Conditional Remand Order from the JPML**

Within seven (7) days of the date that a Conditional Remand Order is filed by the JPML with this transferee court, the parties will submit a joint proposed Final MDL Pretrial Order for the Court's signature. Such order will describe the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of the Final MDL Pretrial Order, along with the case file and materials, will be provided to the transferor court.

**IV. CONCLUSION**

As the remand process progresses, it may become clear that aspects of this procedure could benefit from modification in order to make improvements or to lessen the burden on any participant in this process. Such participants may include the JPML, the parties, this court, any of the transferor courts, the Special Master Francis McGovern, or Magistrate Judge Theiler. The parties are instructed to confer prior to proposing changes to this procedure.

DATED this 23rd day of June, 2004.

s/ Barbara Jacobs Rothstein
Barbara Jacobs Rothstein
United States District Court Judge