RECEIVED
JUN 23 2004
LPSL

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br><br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 19 |

On March 21, 2002, this court entered Case Management Order ("CMO") 6 (Case-Specific Fact Discovery Procedures and Plan), which addresses, *inter alia*, discovery of individual plaintiffs in these MDL proceedings. Generally, CMO 6 provides that all plaintiffs must complete a Plaintiff's Fact Sheet ("PFS") and that discovery of all plaintiffs in the MDL must be completed within 12 months of the docketing of those cases in the MDL.

After this court learned that there were plaintiffs who had not complied with these requirements, this court entered CMO 10 on November 21, 2002. CMO 10 provides that the period for the completion of discovery shall not begin to run until a substan-

tially complete PFS and accompanying authorizations have been provided to defendants. In addition, CMO 10 provides that no case shall be considered for remand until the plaintiff has complied with the discovery requirements set forth in the prior orders of this court, this court has determined that the discovery obligations of the plaintiff have been completed, and defendants have had sufficient time to complete case-specific discovery.

Despite the requirements set forth in CMOs 6 and 10, and despite the efforts of the Defendants and the Plaintiffs' Steering Committees, it appears that changes are necessary to provide for the timely completion of case-specific discovery in cases in the MDL. Accordingly, it is hereby ORDERED, as follows:

1. Plaintiff(s) in each case transferred to this court shall complete a Plaintiff's Fact Sheet in all respects, including providing Defendants with all applicable accompanying authorizations, and serve same upon Defendants' Co-Liaison Counsel (Douglas Hofmann; dhofmann@wkg.com) and counsel of record in the applicable case no later than 45 days after the transmission to plaintiff(s) of the blank PFS. To "complete a PFS in all respects" means to answer every question on the PFS and leave no blanks, even if a plaintiff can only answer the question in good faith by indicating "not applicable" or "I don't know." This definition of "complete in all respects" shall be applicable throughout this CMO.

2. Should any plaintiff fail to serve a PFS within the time

allotted, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's counsel designated to receive service of all pleadings[1] in the specific case involved, with a copy to the Plaintiffs' Liaison Counsel. Plaintiff shall have an additional 15 days to serve a PFS completed in all respects. The warning letter shall include a warning that the case is subject to dismissal under this CMO if a completed PFS is not received within 15 days. Should a plaintiff fail to provide a PFS completed in all respects (including signatures on all applicable authorizations) within 15 days of the transmission of the warning letter, any defendant of record in the case is entitled to seek an Order to Show Cause why the case should not be dismissed. Any such filing shall be served on Plaintiff's counsel designated to receive service of all pleadings in the specific case involved, and Plaintiffs' and Defendants' Liaison Counsel, with any response to such filing to be submitted within ten (10) days following the date of service.

3. If a defendant receives a PFS in the allotted time, but the PFS is not completed in all respects, counsel for defendant shall send a deficiency letter to that plaintiff's counsel

[1]If there are multiple counsel for a particular plaintiff, and no one firm has been designated as counsel to receive service of all pleadings, service on any one of a plaintiff's attorneys designated as "lead counsel/ attorney to be noticed" will be deemed sufficient. This ruling shall be applicable wherever the phrase "plaintiff's counsel designated to receive service of all pleadings" is used, in this CMO or elsewhere.

designated to receive service of all pleadings in the specific case involved, specifying those aspects of the PFS which are claimed to be incomplete, allowing plaintiff an additional 15 days to serve a completed PFS. The deficiency letter shall include a warning that the case is subject to dismissal under this CMO if a completed PFS is not received within 15 days. Should a plaintiff fail to cure the deficiencies identified and provide complete responses (including signatures on all applicable authorizations) within 15 days of the transmission of the deficiency letter, any defendant of record in the case is entitled to seek an Order to Show Cause why the case should not be dismissed. Any such filing shall be served on Plaintiff's counsel designated to receive service of all pleadings in the specific case involved, and Plaintiffs' and Defendants' Liaison Counsel, with any response to such filing to be submitted within ten (10) days following the date of service.

4. For any case where, as of the date of this Order, a plaintiff has failed to serve a PFS within the time allotted, Defendants' Liaison Counsel shall send a warning letter to that plaintiff's counsel designated to receive service of all pleadings in the specific case involved, with a copy to the Plaintiffs Liaison Counsel. Plaintiff shall have an additional 15 days to serve a PFS completed in all respects. The warning letter shall include a warning that the case is subject to dismissal under this CMO if a completed PFS is not received within 15 days. Should a

plaintiff fail to provide a PFS completed in all respects (including signatures on all applicable authorizations) within 15 days of the transmission of the warning letter, any defendant of record in the case is entitled to seek an Order to Show Cause why the case should not be dismissed. Any such filing shall be served on Plaintiff's counsel designated to receive service of all pleadings in the specific case involved, and Plaintiffs' and Defendants' Liaison Counsel, with any response to such filing to be submitted within ten (10) days following the date of service. Following the transmission of the warning letter referred to in this paragraph, if a defendant receives a PFS within the allotted 15 days, but the PFS is not completed in all respects, the parties shall comply with the requisites of paragraph 3, above.

For any case where, as of the date of this Order, a defendant has already received a PFS in the allotted time, but the PFS is not completed in all respects, the parties shall comply with the requisites of paragraph 3, above.

5. This Order will not apply to any case that, as of the date of this Order, is listed on a pending motion to dismiss for failure to serve a timely PFS or failure to serve a substantially complete PFS.

SO ORDERED this 23rd day of June, 2004.

s/ Barbara Jacobs Rothstein
Barbara Jacobs Rothstein
U.S. District Court Judge