THE HONORABLE BARBARA J. ROTHSTEIN

01-MD-01407-ORD

RECEIVED
AUG 02 2004
LPSL

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION.<br><br>This document relates to all actions. | MDL Docket No. 1407<br><br>CASE MANAGEMENT ORDER NO. 20 RE COMMON BENEFIT FEE COMMITTEE AND COMMON BENEFIT FEES AND RELATED COSTS |

1. The record keeping requirements for time and expenses and preliminary guidance with regard to the requirements of compensable Common Benefit Fees and Costs have been set forth in Case Management Order No. 7 ("CMO #7"). This Case Management Order No. 20 is intended to supplement and clarify Case Management Order No. 7. Except as specifically stated in this CMO, the terms and conditions of CMO #7 remain in full force and effect.

2. The following members of the Plaintiffs' Steering Committee and Plaintiffs' Discovery Committee are hereby appointed to serve as the Common Benefit Fee Committee ("CBFC"): Arthur Sherman (Chair), Lance Palmer, Ted Carey, Ramon Lopez and Robert Piper.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

3. For purposes of this CMO No. 20 and CMO #7, the term "Common Benefit Work and Costs" shall mean activities and their related costs that substantially benefited and advanced the plaintiffs' generic claims in this litigation toward a favorable resolution for all or for a substantial, identifiable group of plaintiffs in cases consolidated in these MDL proceedings, including activities and related costs in connection with the settlement of all pending claims as against one or more defendants.

4. The Common Benefit Fee Committee shall be responsible for collecting all billings for Common Benefit Work and Costs submitted in this litigation pursuant to CMO #7. The CBFC shall thereafter conduct an audit of all such submittals to determine if each complies with the standards set forth in CMO #7 and paragraphs 5.a. and 6. herein. Decisions by the CBFC shall be determined by majority vote as necessary. The results of each audit will be provided to each firm or attorney submitting the billings audited, and each such firm or lawyer shall be given a reasonable opportunity to discuss the audit findings with the CBFC prior to the submission of an application for Common Benefit Fees pursuant to paragraph 6 herein.

5. The CBFC shall determine the following:

a. Hourly rates that shall be applied to the time submissions of all billings submitted for common benefit fees in this litigation. Because this litigation is national in scope and is not concentrated in only a few transferor federal courts, uniform hourly rates shall be established by the CBFC for various levels of experience, success and professional standing of lawyers involved in this litigation; and

b. A proposed schedule by which audits of all common benefit fee and cost submissions filed on or before September 1, 2004 shall be completed, which schedule shall be distributed to all MDL plaintiffs' counsel on or before August 15, 2004.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
Fax (206) 624-2912

6. All audits conducted pursuant to paragraph 3 herein shall apply the following standards in connection with billings for common benefit work and related costs:

a. Billings for Common Benefit Fees and Related Costs shall be considered compensable, subject to compliance with the remaining standards set forth in this CMO. Billings for fees or costs that do not meet this definition shall not be recognized as compensable time or costs in any audit by the CBFC.

i. For example, time spent on individual cases (i.e., discovery, gathering medical records, client communications, settlement efforts) will not be recognized as compensable. However, time spent in developing evidence or a theory of recovery that promotes the common interests of a substantial number of MDL claimants will be considered compensable common benefit time.

b. Billings for time spent conducting discovery in this MDL authorized by the Plaintiffs' Discovery Committee shall be presumptively compensable, subject to application of the remaining considerations set forth herein.

c. Billings for time spent pursuing the following activities shall be presumptively compensable, subject to compliance with the remaining standards set forth in this CMO:

i. Research, drafting, revision, negotiation and argument of MDL pleadings, motions, CMOs, and other MDL court filings on behalf of the PSC;

ii. Lead and Liaison Counsel activities;

iii. Review, analysis, prioritization and organization of MDL Defendants' Document Production and Depository Management;

iv. Research, drafting, revision of written generic MDL fact discovery requests, and review and analysis of responses thereto;



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

v. Preparation for and conduct of MDL Fact Depositions;

vi. Preparation for and attendance at Plaintiffs' MDL Committee meetings/conferences;

vii. Preparation of MDL Trial Package and Materials Included Therein;

viii. Preparation for and presentations at the MDL Informational Hearing;

ix. Work in connection with MDL Generic Experts, including

1. Expert Retention
2. Preparation of Rule 26 Reports of MDL Generic Experts
3. Preservation Depositions of MDL Generic Experts
4. MDL *Daubert* Motion Research and Briefing
5. Preparation for and conduct of presentations at the MDL *Daubert* Hearings; and

x. Review, analysis, negotiation and documentation of any settlement of all claims pending in this MDL against one or more defendants.

d. Billings for time spent on common benefit work that is determined to be either (i) excessive considering the difficulty and complexity of the work performed or (ii) demonstrably inadequate in quality given the same considerations shall be reduced to an amount which appropriately reflects the time which, in the good faith belief of the CBFC, should have been reasonably and appropriately spent to perform the quality of work achieved.

e. Billings for time spent observing others perform common benefit work, such as time spent in attending depositions or court proceedings, where the billing counsel has not been assigned any specific responsibility or role at such proceedings by the PSC or Plaintiffs' Discovery Committee, will



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

not be considered to confer a common benefit, and therefore will not be considered compensable.

f. Billings for time spent prior to August 28, 2001 shall be presumptively non-compensable subject to a clear showing that the work product generated by the time spent was thereafter utilized for the common benefit of MDL plaintiffs, as described above.

g. Billings for time spent reviewing MDL related email and MDL filings shall be compensable only if related to common benefit work for which the billed individual is substantially responsible or involved, and in any event will be closely examined to ensure that the time claimed is reasonable and appropriate given the nature of the work described.

h. Billings for time spent which fails to describe the work performed with sufficient levels of detail or clarity to permit the CBFC to determine whether it is common benefit time will not be considered compensable time.

7. All plaintiffs' firms or attorneys claiming compensation from the Common Benefit Fund for fees or costs, or for any award of fees and/or costs that meets the definition of Common Benefit Fees and Related Costs contained herein, shall submit an application for same to the Court on a schedule and in a manner to be specified in a future order of the Court. However, no such application shall be considered by the Court unless and until the applicant certifies that an audit has been conducted by the CBFC and that the applicant has reviewed the audit results with the CBFC. At a time and manner to be specified in said future order, the CBFC shall submit its recommendations regarding both the nature and extent of common benefit fees and costs to be awarded in this MDL and its recommendations regarding each fee application filed and the reasons for that determination. Lastly, that future order will specify a procedure under which hearings, if any, regarding disputed time or costs shall be permitted, scheduled and conducted.



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912

DATED this 2nd day of August, 2004

s/ Barbara Jacobs Rothstein
The Honorable Barbara Jacobs Rothstein
United States District Judge



LEVINSON FRIEDMAN, P.S.
PACIFIC BUILDING
720 THIRD AVENUE, SUITE 1800
SEATTLE, WA 98104-1845
(206) 624-8844
fax (206) 624-2912